TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-04-00464-CV

NO. 03-04-00466-CV






In re Ruby V. Ludwig

&

In re Joy Higdon







ORIGINAL PROCEEDINGS FROM TRAVIS COUNTY





O P I N I O N




 Relator Joy Higdon is the mother of two minor children K.H. and Z.H. The Texas
Department of Family and Protective Services (Department) recently obtained a judgment in a suit
affecting the parent-child relationship (SAPCR) that terminates Higdon's parental rights and
appoints the Department as sole managing conservator of the children. Relator Ruby V. Ludwig is
the children's great-grandmother who intervened in the suit and unsuccessfully sought to be named
the children's sole managing conservator.

 Relators filed petitions for a writ of mandamus with this Court requesting that we
command the trial court to (1) vacate its order terminating Higdon's parent-child relationship with
her children K.H. and Z.H. and appointing the Department as sole managing conservator of the
children and (2) dismiss the Department's SAPCR. Relators contend that the trial court did not
render a final order within the mandatory time frame set forth in section 263.401 of the family code,
and therefore the trial court had no discretion but to dismiss the Department's SAPCR. Because we
find that both relators made a timely motion that brought the statutory deadline to the attention of
the court and the trial court did not render a final order prior to that deadline, we conditionally grant
both relators' petitions.


FACTUAL AND PROCEDURAL BACKGROUND


 On January 23, 2003, the trial court entered an ex parte order finding that there was
"an immediate danger to the Children, or the Children have been the victim of neglect or sexual
abuse and that continuation in the home would be contrary to the Children's welfare." See Tex. Fam.
Code Ann. § 262.102 (West Supp. 2005). The order gave temporary managing conservatorship to
the Department and set a full adversarial hearing for February 3, 2003. See id. A docket entry from
the February 3 hearing notes "TMC to CPS" and placement of the children with their great-grandmother, Ludwig. A written order was signed on February 5, 2003 that did not mention the
placement of the children or temporary managing conservatorship but did grant Higdon visitation
with the children and ordered Higdon to follow a number of requirements. 

 Periodic hearings were held in the case throughout the year while the children
remained with Ludwig. On January 23, 2004, the trial court held a permanency hearing. An order
signed January 26, 2004, recognized that the dismissal date for the Department's SAPCR was
January 26, 2004, but extended the deadline until July 24, 2004, in the best interests of the children. 
In February 2004 Ludwig filed a petition in intervention seeking sole managing conservatorship of
the children. In March, the Department filed a notice of settings for the trial on the merits for May
17 or 24, or June 21 or 28.

 The jury trial on the merits did not actually begin until Monday, July 19, 2004. The
Department rested its case-in-chief on Friday, July 23. Trial resumed on Tuesday, July 27, and the
jury returned a verdict the following day. On July 28, 2004, the trial court entered a judgment on
the verdict terminating Higdon's parent-child relationship and designating the Department as sole
managing conservator of the children.

 Relators both filed motions to dismiss during the trial on Thursday, July 22. These
motions informed the trial court that it must dismiss the Department's SAPCR if a final order was
not rendered on or before the dismissal date of July 24, 2004. Relators brought these motions to the
trial court's attention on July 24, before the Department rested its case-in-chief. Relators again
sought dismissal of the suit after the jury returned its verdict on July 28. The trial court denied the
motions and rendered judgment on the verdict. (1)


DISCUSSION


 Mandamus relief is appropriate if a trial court fails to dismiss a SAPCR when an
order has not been rendered within the statutory deadline. See In re Ruiz, 16 S.W.3d 921, 926 (Tex.
App.--Waco 2000, orig. proceeding) (appeal frequently inadequate to protect right of parents and
children in child custody cases because justice demands speedy resolution); In re Bishop, 8 S.W.3d
412, 416 (Tex. App.--Waco 1999, orig. proceeding); In re Neal, 4 S.W.3d 443, 447 (Tex. App.--
Houston [1st Dist.] 1999, orig. proceeding). Dismissal can be waived if a party does not properly
object to the rendering of an order outside of the deadline. See Tex. Fam. Code Ann. § 263.402(b)
(West 2002). Our resolution of this mandamus proceeding centers on whether relators filed a timely
motion to dismiss or motion to render a final order so as to avoid waiver of the statutory deadline
for a final order in a termination suit. See id.

 When considering cases involving the termination of the parent-child relationship,
we must be sensitive to the fundamental constitutional rights involved. The Texas Supreme Court
has described the bond between parent and child to be a constitutionally protected "natural right" far
more precious than the right to property. Hollick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985); Wiley
v. Spratlan, 543 S.W.2d 349, 352 (Tex. 1976); see Stanley v. Illinois, 405 U.S. 645, 651 (1976). 
Therefore, we strictly construe involuntary termination statutes in favor of the parent. Hollick, 685
S.W.2d at 20; Heard v. Bauman, 443 S.W.2d 715, 719 (Tex. 1969). Although substantial, the
protected interest in the parent-child relationship does not override all procedural restrictions. See
In re B.L.D., 113 S.W.3d 340, 354 (Tex. 2003) (due process does not require review of unpreserved
error in parental rights termination cases).

 The time limitations found in chapter 263 of the family code were established by the
legislature in order to carry out the 1996 recommendation of the Governor's Committee to Promote
Adoption that parental rights be terminated or families reunified within twelve months. See In re
Bishop, 8 S.W.3d at 417. The statute requires dismissal of a termination suit if a final order has not
been rendered on or before the first Monday after the one-year anniversary of the date the court
rendered a temporary order appointing the department as temporary managing conservator of a child. 
Tex. Fam. Code Ann. § 263.401 (West 2002). The trial court may extend the deadline for dismissal
for up to 180 days, and must dismiss the suit if a final order is not rendered on or before the new
dismissal date; it may not extend the deadline any more. Id. Amendments to the statute enacted in
2001 eliminated jurisdictional language in the deadline provision and created section 263.402's
waiver provision. See In re J.B.W., 99 S.W.3d 218, 224 (Tex. App.--Fort Worth 2003, pet. denied). 
Section 263.402 prohibits the parties in a termination suit from extending the dismissal deadline by
agreement, but provides that the deadline can be waived:


A party to a suit under this chapter who fails to make a timely motion to dismiss or
to make a motion requesting the court to render a final order before the deadline for
dismissal under this subchapter waives the right to object to the court's failure to
dismiss the suit. A motion to dismiss under this subsection is timely if the motion
is made before the department has introduced all of the department's evidence, other
than rebuttal evidence.



Tex. Fam. Code Ann. § 263.402(b) (West 2002). In this case, the trial court overruled relators'
motions to dismiss based on the Department's contention that relators had waived the right to object
under section 263.402(b). 

 The Department explains that relators waived their right to object to the rendering of
an order beyond the dismissal deadline because relators' motions were filed prior to the dismissal
deadline, when they were not yet timely, and were reurged after the Department rested its case-in-chief, when they were no longer timely. Essentially, the Department seeks an interpretation of the
statute which would only permit a timely motion to dismiss to be filed during a window of time in
which the dismissal deadline has passed, but the Department has not yet completed its case-in-chief. 
So long as the department completed its case-in-chief prior to the dismissal deadline, it would be
impossible to enforce section 263.401's requirement that a final order be rendered on or before the
dismissal deadline. See id. § 263.401. We do not find that this interpretation reflects the plain
language of sections 263.401 and 263.402, nor would it be consistent with our obligation to strictly
construe the statute in favor of parents. See Hollick, 685 S.W.2d at 20; Heard, 443 S.W.2d at 719. 
 Section 263.402(b) defines a timely motion to dismiss as one that is filed "before the
department has introduced all of department's evidence . . . at the trial on the merits." Tex. Fam.
Code Ann. § 263.402(b). Requiring a motion to dismiss to be filed before the Department concludes
its case-in-chief is consistent with other provisions in the statute that give notice to the Department
and the trial court that the case will be dismissed if it continues past the deadline. The statute
requires the trial court to "set a final hearing . . . on a date that allows the court to render a final
order before the date for dismissal of the suit under this chapter." Id. § 263.304 (emphasis added). 
The 180 day extension provision in section 263.401 also states that the court shall render an order
that "sets a final hearing on a date that allows the court to render a final order before the required
date for dismissal of the suit under this subsection." Id. § 263.401(b)(3) (emphasis added). These
provisions, which caution trial courts to set a hearing well in advance of the dismissal date and
require giving notice of an impending dismissal deadline before the Department rests its case-in-chief, evidence the legislature's intent that suits be dismissed even during the trial on the merits if
no final order is rendered before the dismissal date.

 The Department's interpretation of the statute is also inconsistent with the plain
language of section 263.401's dismissal provision. That statute requires dismissal if a final order is
not rendered within the statutory time limitation. The Department's interpretation would limit
dismissal to cases where the Department failed to complete its case-in-chief within that time frame. 
Section 263.401, however, makes dismissal contingent on the date the trial court renders a final
order. We will not ignore the clear language of the statute to require only that the Department rests
its case-in-chief before the deadline.

 Furthermore, there is no mention of a requirement that a timely motion to dismiss be
filed after the expiration of the dismissal deadline, and we will not construe the statute to include a
procedural trap for unwary parents. (2) See Hollick, 685 S.W.2d at 20.

 The Department forcefully argues it should only be required to complete its case-in-chief before the deadline because that is the only aspect of a trial under its control. The trial court
also reasonably questioned the wisdom of an arbitrary deadline for the dismissal of a termination suit
when a trial is well under way or a jury has reached a verdict. (3) However, these issues need to be
brought to the attention of the legislature; this court cannot avoid the plain language of the statute
as it is now written.

 The Department alternatively contends that the true dismissal date was not until
August 2004 because the Department was not actually appointed temporary managing conservator
until August 11, 2003. Although there is an order dated August 16, 2003 which appoints the
Department temporary managing conservator, (4) the statute begins the one-year time limit when a
"temporary order appointing the department as temporary managing conservator" is signed. Id.
§ 263.401(a) (emphasis added). The trial court issued a temporary order appointing the Department
temporary managing conservator of the children on January 23, 2002, pursuant to its authority under
section 262.102 of the family code. Therefore, the one-year dismissal deadline was correctly set
from that date.


CONCLUSION


 The relators made timely motions to dismiss which preserved their right to object to
the trial court's rendering of a final order after the dismissal date for this termination proceeding. 
Because the trial court was required to dismiss the Department's SAPCR, we conditionally grant the
writ. The writ will issue only in the event that the trial court does not vacate its order terminating
Higdon's parent-child relationship and dismiss the Department's SAPCR. 



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear 

Filed: October 21, 2004

1. The trial judge's comments at the July 28 hearing indicate that she thoughtfully considered
relators' motions and was greatly troubled by the dilemma they presented:


 [I]t seems to me that almost every case I've had lately has not been very tidy, and
we are out here making law on the--regrettably, in a situation involving a four-year-old child and a 20-month old, and I cannot in good conscience, after hearing
from 11 members of the jury that they believe that Mr. Galvan's client's parental
rights should be terminated and that Ms. Ludwig is not the individual that they
have identified as managing conservator, that they do not find that in the best
interest of the child.

 

 I cannot in good conscience fail to give the legislature some latitude in creating
section 263.402 for the reasons articulated by the Department.
2. The statute permits a party to avoid waiver by filing either a "motion to dismiss" or a
"motion to render a final order" before the dismissal deadline. See Tex. Fam. Code Ann.
§ 263.402(b) (West 2002). To the extent that the Department argues that relators waived the right
to object to the trial court's failure to dismiss the case because they filed a "motion to dismiss" rather
than a "motion to render a final order before the deadline for dismissal," we construe relators'
motions to dismiss as motions to render a final order. Relators motions citing the statutory deadline
gave notice to the court and the Department that the case must be dismissed if the court did not
render a final order on or before the deadline. We will not find waiver because relators may have
incorrectly titled their motion. See In re A.B.,125 S.W.3d 769, 773 n.2 (Tex. App.--Texarkana
2003, pet. denied) (motion for new trial that alternatively sought dismissal preserved issue for
review); see also Hollick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985).
3. See supra note 1.
4. There is also a docket entry dated February 3, 2002 which appoints the Department
temporary managing conservator.