IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-04-00303-CV

 

In the
Interest of K.K., L.M., M.M., and T.K.,

Children

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No.
03-000440-CV-361

 



memorandum opinion



 

          After a nonjury trial, the trial court
terminated the parental rights of Becky King to her four children, K.K., L.M.,
M.M., and T.K.  The court also terminated the parental rights of Major Eugene
Moore to L.M. and M.M., who are his children.  King and Moore (Appellants)
appeal the order terminating their parental rights.  We will affirm.

Factual Background

          The four children were removed from Appellant
King’s possession by the Department of Family and Protective Services on
February 28, 2003.  The Department became involved on reports of King’s
neglectful supervision involving the children being left unsupervised or
supervised by other young children, including an incident of several young
children and infants left in the care of an 11-year-old child while the adults
were out drinking for several hours.  King was involved in at least one
incident of domestic violence with her live-in boyfriend while the children
were in her care, and King was aware of possible abuse of her children at the
hands of her boyfriend and took no corrective action.  Appellant Moore had knowledge of the neglect of his two children while they were in King’s care and
knowledge of possible abuse at the hands of King’s boyfriend, but Moore took no action to protect his children and failed to report abuse to the authorities.

The Department filed its petition to terminate
Appellants’ parental rights on March 3, 2003, and the trial court appointed the
Department emergency temporary sole managing conservator for the children.  The
trial court set a dismissal date of March 3, 2004 for the case, which was
extended to September 3, 2004.  A bench trial was scheduled for September 1,
2004.  

While the suit was pending, King was unable to
maintain stable employment or housing, she continued her relationship with her
abusive boyfriend, she was involved in criminal activity and drug use, and she
exhibited an unstable emotional state.  Moore did not maintain regular or
significant contact with his children and showed limited parenting abilities or
involvement when he visited.  He did not complete or participate in many
court-ordered services.

A bench trial began on September 1, but after
one day of testimony—and during the Department’s case-in-chief—it was recessed until
September 15.  Neither Appellant moved to have the case dismissed after the
September 3 dismissal date.  The trial court terminated Appellants’ parental
rights in a September 29 order.

          Appellants, through their respective
appointed appellate counsel, each assert in one issue that their appointed
trial attorneys were ineffective because neither trial attorney moved the trial
court to dismiss the termination proceeding in accordance with section 263.401
of the Family Code.  See Tex.
Fam. Code Ann. § 263.401(a) (Vernon 2002 & Supp. 2005).

Applicable Law

Section 263.401 requires dismissal of a
termination suit if a final order has not been rendered on or before the first
Monday after the one-year anniversary of the date the court rendered a
temporary order appointing the department as temporary managing conservator of
a child.  Id.  The trial court may, as it did here, extend the deadline
for dismissal for up to 180 days, and it must dismiss the suit if a final order
is not rendered on or before the new dismissal date; the trial court may not
extend the deadline any more.  Id. § 263.401(b) (current version at id.
(Vernon Supp. 2005)).  Section 263.402 prohibits the parties in a termination
suit from extending the dismissal deadline by agreement, but provides that the
deadline can be waived:

A party to a suit under this chapter who fails
to make a timely motion to dismiss or to make a motion requesting the court to
render a final order before the deadline for dismissal under this subchapter
waives the right to object to the court’s failure to dismiss the suit.  A
motion to dismiss under this subsection is timely if the motion is made before
the department has introduced all of the department’s evidence, other than
rebuttal evidence.

 

Id.
§ 263.402(b) (Vernon 2002).  If a timely motion to dismiss is made, the trial
court is required to dismiss the suit.  In re Ludwig, 150 S.W.3d 819,
824 (Tex. App.—Austin 2004, orig. proceeding); In re T.M., 33 S.W.3d
341, 346-47 (Tex. App.—Amarillo 2000, no pet.); In re Bishop, 8 S.W.3d
412, 416-20 (Tex. App.—Waco 1999, orig. proceeding).

The gist of Appellants’ issues in this appeal is
that, had their trial attorneys timely moved to dismiss the Department’s case,
the trial court would have been required to grant their motions and dismiss the
case.  Appellants are correct.  However, a case dismissed under section 263.401
can be refiled and the Department can assert the same grounds for termination,
although it cannot use the same facts as those used in the dismissed case as
the basis for again removing the children from the parent.  T.M., 33
S.W.3d at 347; In re Ruiz, 16 S.W.3d 921, 927 (Tex. App.—Waco 2000, no
pet.).  This leads us to the issues in this appeal:  did the trial attorneys
provide ineffective assistance of counsel by not moving to dismiss the case
during the recess, which extended past the September 3 dismissal deadline and
was before the Department had presented all its evidence?[1]

Ineffective Assistance of Counsel

          Indigent persons have a statutory
right to counsel in parental-rights termination cases.  Tex. Fam. Code Ann. § 107.013(a)(1) (Vernon Supp. 2005).  The
Texas Supreme Court has held that this right includes the right to effective
counsel.  In re M.S., 115 S.W.3d 534, 544 (Tex. 2003).  In analyzing the
effectiveness of counsel in a parental-rights termination case, we follow a two-pronged
standard set forth by the United States Supreme Court in Strickland v.
Washington to determine whether an attorney’s representation was so
inadequate as to violate the right to effective assistance of counsel.  M.S.,
115 S.W.3d at 545 (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).  To show ineffectiveness of counsel in a
termination case, the appellant must show (1) that counsel’s assistance fell
below an objective standard of reasonableness and (2) that counsel’s deficient
assistance, if any, prejudiced the defendant.  Id.

          On the first element, the Texas
Supreme Court quoted extensively from Strickland in a termination case:


 “In any case presenting an ineffectiveness
 claim, the performance inquiry must be whether counsel’s assistance was
 reasonable considering all the circumstances.”


 


 “The purpose [of the Sixth Amendment’s
 effective assistance of counsel guarantee] is simply to ensure that
 criminal defendants receive a fair trial.”


 


 “Judicial scrutiny of counsel’s performance
 must be highly deferential.”


 


 “A fair assessment of attorney performance
 requires that every effort be made to eliminate the distorting effects of
 hindsight, to reconstruct the circumstances of counsel’s challenged
 conduct, and to evaluate the conduct from counsel’s perspective at the
 time.”


 


 “A court must indulge a strong presumption
 that counsel’s conduct falls within the wide range of reasonable
 professional assistance; that is, the defendant must overcome the
 presumption that, under the circumstances, the challenged action ‘might be
 considered sound trial strategy.’”


 


 “The court must then determine whether, in
 light of all the circumstances, the identified acts or omissions were
 outside the wide range of professionally competent assistance.”


 


 “The court should recognize that counsel is
 strongly presumed to have rendered adequate assistance and made all
 significant decisions in the exercise of reasonable professional
 judgment.”


 

In re J.F.C., 96 S.W.3d 256, 280-81 (Tex. 2002) (quoting Strickland, 466 U.S. at 688-90, 104 S.Ct. at 2065-66) (footnotes omitted); see also M.S., 115
S.W.3d at 545.

          Strickland’s
“record” requirement also applies to ineffective-assistance claims in
termination cases:  “An allegation of ineffective assistance must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.”  In re S.R.C., 2003 WL 22966325 at *2 (Tex. App.—Fort Worth Dec. 18, 2003, no pet.) (mem. op.) (citing Thompson v. State, 9
S.W.3d 808, 814 (Tex. Crim. App. 1999)).  For example, the Dallas Court of
Appeals has held that the appellants did not establish ineffective assistance
in part because the record was silent on counsel’s reasons for the
complained-of failures.  In re J.W., 113 S.W.3d 605, 616 (Tex.
App.—Dallas 2003, pet. denied) (citing Thompson, 9 S.W.3d at 813-14).

          In a parental-rights termination case
where the parent asserts on appeal the ineffective assistance of trial counsel,
but nothing in the record indicates trial counsel’s reasons or strategies for
the complained-of conduct, the lack of a record is practically always fatal to
the parent’s appellate issue under current Texas law.  Because this inequity
existed in this appeal, we abated and remanded the cause to the trial court for
a hearing at which Appellants could develop an evidentiary record in connection
with their ineffective assistance of counsel claims.  See In re K.K., 180
S.W.3d 681 (Tex. App.—Waco 2005, order).

Analysis

          Having
received a supplemental reporter’s record and supplemental briefs, we will now
address the merits of Appellants’ ineffective-assistance claims.

          Kent
Schuster, King’s trial attorney, testified that he made a “calculated decision”
not to request a dismissal, explaining that he evaluated the Department’s
evidence presented on September 1 and was of the opinion that there was not
sufficient evidence to terminate King’s parental rights.  He also considered
the Department’s case against Moore and explained that Moore and his trial
counsel had a good argument that Moore could gain custody of his two children
and that King could be allowed visitation with them.  Schuster believed that
requesting and obtaining dismissal would have placed King in a worse position
once the Department filed a new case; he explained that the Department obtained
additional evidence against King during the case’s pendency and that the case
against Moore was based on facts that were later found to be untrue.  Thus,
Schuster opined that the Department would have had a stronger case for termination
against King had a dismissal occurred and a new case been filed.

          Paige
Osburn, Moore’s trial attorney, testified that she believed that it was in her
client’s best interest to conclude the trial because she did not believe that
enough evidence had been presented to terminate Moore’s parental rights; most
of the evidence had been against King.  She thought that, had she requested
dismissal, Moore would not have obtained custody of his two children and the
Department would have filed a new case.  Osburn further explained that she
believed that there were new grounds on which the Department could have refiled
the case, and because of Moore’s noncompliance with his service plan throughout
the case, he would have been in a worse position had a dismissal been granted
and a new case filed.  Osburn did not think that giving Moore a second chance
at compliance with a service plan was a viable option.

          Both
trial attorneys admitted that, at the time the trial was recessed on September
1, the Department had not put on its strongest witness, the Department
caseworker.

          To
summarize, it was the trial strategy of both trial attorneys not to request
dismissal because they both thought that they had a good chance of prevailing
on the merits as of the dismissal date.  Both believed the best strategy was
not to seek dismissal and to continue with the trial.  Obviously, both were
wrong on the outcome, but taking a calculated risk and getting an undesired
result is not ineffective assistance per se, as we cannot allow hindsight to
distort our assessment of counsels’ conduct.[2]  See,
e.g., Sendejo v. State, 26 S.W.3d 676, 678-80 (Tex. App.—Corpus
Christi 2000, pet. ref’d) (counsel not ineffective where defense attorney chose
to “roll the dice” with an “all-or-nothing” strategy).  And while it is true
that, absent new facts justifying removal, King would have been entitled to
possession of the children had the case been dismissed, both trial attorneys
agreed that King and Moore would have been in worse positions when the Department
refiled the case, and on appeal neither King nor Moore assert that they would
have prevailed in a second trial.

          We
conclude that both trial attorneys had reasonable but unsuccessful trial
strategies.  In light of all the circumstances, failing to request dismissal
was not outside the wide range of professionally competent assistance.  We
overrule Appellants’ ineffective assistance issues and affirm the trial court’s
termination order.

 

 

                                                                   BILL
VANCE

                                                                   Justice

 

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the judgment only.)

Affirmed

Opinion delivered and
filed March 8, 2006

[CV06]









    [1]       Cf.
In re B.T., 154 S.W.3d 200, 206-07 (Tex. App.—Fort Worth 2004, no pet.) (trial
counsel not ineffective in failing to move to dismiss on ground that trial
started after one-year deadline had passed because father had requested
continuance and extension and counsel could have reasonably concluded that
father agreed to extension beyond one-year deadline); In re D.B., 153
S.W.3d 575 (Tex. App.—Amarillo 2004, no pet.) (where Department and private
party sought termination, trial counsel was not ineffective in failing to file
motion to dismiss Department’s proceeding because dismissal would not have
altered termination judgment in private party’s favor).





    [2]       We
decline to establish a bright-line rule that failing to request dismissal of a
termination case is ineffective assistance per se.  Cf. In re D.J.J.,
178 S.W.3d 424, 431-32 (Tex. App.—Fort Worth 2005, no pet. h.) (trial counsel
ineffective in failing to preserve parent’s legal sufficiency complaints in
motion for new trial because evidence was legally insufficient).