Opinion issued June 30, 2008 










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00348-CV

__________


IN RE KRISTAL TIMISH WALKER A/K/A KRISTAL TIMISHA
WALKER, Relator







Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 By petition for writ of mandamus, relator, Kristal Timish Walker, also known
as Kristal Timisha Walker, challenges the trial court's order denying her motion to
dismiss the suit brought by the real party in interest, the Texas Department of Family
& Protective Services ("TDFPS"), to terminate Walker's parent-child relationship
with her two minor children. (1) In a single issue, Walker contends that the trial court
clearly abused its discretion in not dismissing TDFPS's suit after the statutory
dismissal date had passed (2) and she has no adequate remedy by appeal.

 We conditionally grant Walker's petition for writ of mandamus. Procedural Background

 Although the record presented by the relator is scant, the pertinent procedural
facts are largely undisputed. On July 18, 2006, the trial court appointed TDFPS
temporary managing conservator of Walker's two minor children, and, on June 28,
2007, a trial commenced on TDFPS's petition. The trial concluded on July 10, 2007,
and, on this date, the trial court orally rendered an order terminating Walker's
parental rights as well as the parental rights of the fathers. (3) Consistent with its oral
rendition, on August 21, 2007, the trial court signed a decree terminating Walker's
and the fathers' parent-child relationship with the children. 

 After the trial court orally rendered the termination order, on August 1, 2007,
Walker filed a new trial motion, asserting that the evidence was legally and factually
insufficient to support the trial court's findings on which the trial court based its
termination order. (4) On August 28, 2007, the trial court granted Walker's new trial
motion. (8) Thereafter, sometime in March 2008, Walker filed a "motion to dismiss and
for immediate return of children," arguing that because the trial court had granted her
new trial motion and had set aside its termination order, the trial court did not timely
render a final order within the statutory one-year deadline in which the trial court was
required to render a final order. (9) Walker noted that the trial court had reset the
termination case for another trial on the merits on April 22, 2008. Walker further
argued that because the statutory deadline had expired and there was no timely final
order, and because the trial court had never extended the statutory dismissal deadline,
the trial court was required to dismiss the case under former section 263.401 of the
Texas Family Code. (10) The trial court denied Walker's motion to dismiss on March 20,
2008, and Walker filed her petition for writ of mandamus. (11) Walker represented in her
briefing, and the parties agreed at argument, that the trial court had subsequently reset
the trial for June 4, 2008. (12) 

 Standard of Review

 Mandamus is an extraordinary remedy, which is available only when a trial
court clearly abuses its discretion and there is no adequate remedy by appeal. In re
McAllen Med. Ctr., Inc., No. 05-0892, 2008 WL 2069837, at *1 (Tex. May 16,
2008); In re Tex. Dep't of Family & Protective Servs., 210 S.W.3d 609, 612 (Tex.
2006); In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004). With
respect to a trial court's determination of legal principles, a trial court has no
discretion in determining what the law is or applying the law to facts. In re
Prudential, 148 S.W.3d at 135. A trial court abuses its discretion when it fails to
apply the law correctly, so we consider the trial court's legal ruling. In re Tex. Dep't
of Family & Protective Servs., 210 S.W.3d at 612.

Dismissal Under Section 263.401

 In her single issue, Walker argues that the trial court clearly abused its
discretion in not dismissing TDFPS's suit because the statutory dismissal date had
passed due to the trial court's granting of Walker's new trial motion. Relying on
former sections 263.401 and 263.402 of the Texas Family Code, Walker asserts that
the intent of these statutes is clear and that if, for any reason, including the granting
of new trial motion, a final order is not rendered in a suit to terminate the parent-child
relationship before the statutory dismissal deadline passes, then the proper remedy is
for the trial court to dismiss the suit. 

 The version of former section 263.401 of the Texas Family Code, applicable
to this case, provides,

(a) Unless the court has rendered a final order or granted an
extension under Subsection (b), on the first Monday after the first
anniversary of the date the court rendered a temporary order
appointing the department as temporary managing conservator,
the court shall dismiss the suit affecting the parent-child
relationship filed by the department that requests termination of
the parent-child relationship or requests that the department be
named conservator of the child.


(b) The court may not retain the suit on the court's docket after the
time described by Subsection (a) unless the court finds that
extraordinary circumstances necessitate the child remaining in the
temporary managing conservatorship of the department and that
continuing the appointment of the department as temporary
managing conservator is in the best interest of the child. If the
court makes those findings, the court may retain the suit on the
court's docket for a period not to exceed 180 days after the time
described by Subsection (a). If the court retains the suit on the
court's docket, the court shall render an order in which the court:


 (1) schedules the new date for dismissal of the suit not
later than the 180th day after the time described by
Subsection (a);


 (2) makes further temporary orders for the safety and
welfare of the child as necessary to avoid further
delay in resolving the suit; and


 (3) sets a final hearing on a date that allows the court to
render a final order before the required date for
dismissal of the suit under this subsection.


(c) If the court grants an extension but does not render a final order
or dismiss the suit on or before the required date for dismissal
under Subsection (b), the court shall dismiss the suit. The court
may not grant an additional extension that extends the suit beyond
the required date for dismissal under Subsection (b).


(d) For purposes of this section, a final order is an order that:


 (1) requires that a child be returned to the child's
parent;


 (2) names a relative of the child or another person
as the child's managing conservator;


 (3) without terminating the parent-child
relationship, appoints the department as the
managing conservator of the child; or


 (4) terminates the parent-child relationship and
appoints a relative of the child, another
suitable person, or the department as
managing conservator of the child.


See Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108,
2113, amended by Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 8, 2001 Tex.
Gen. Laws 2395, 2396, amended by Act of May 29, 2005, 79th Leg., R.S., ch. 268,
§ 1.40, 2005 Tex. Gen. Laws 621, 636 [referred to herein as Former Tex. Fam.
Code Ann. § 263.401] (amended 2007) (current version at Tex. Fam. Code Ann. §
263.401 (Vernon Supp. 2007). (13) 

 The former version of section 263.402 of the Texas Family Code, applicable
to this case, provides,

(a) The parties to a suit under this chapter may not extend the
deadlines set by the court under this subchapter by agreement or
otherwise.


(b) A party to a suit under this chapter who fails to make a timely
motion to dismiss the suit or to make a motion requesting the
court to render a final order before the deadline for dismissal
under this subchapter waives the right to object to the court's
failure to dismiss the suit. A motion to dismiss under this
subsection is timely if the motion is made before the department
has introduced all of the department's evidence, other than
rebuttal evidence, at the trial on the merits.


See Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108,
2113, amended by Act of May 30, 1999, 76th Leg., R.S., ch. 1390, § 48, 1999 Tex.
Gen. Laws 4695, 4709, amended by Act of May 22, 2001, 77th Leg., R.S., ch. 1090,
§ 9, 2001 Tex. Gen. Laws 2395, 2396-97 [referred to herein as Former Tex. Fam.
Code Ann. § 263.402] (amended 2007) (current version at Tex. Fam. Code Ann. §
263.402 (Vernon Supp. 2007)). (14)

 In construing these statutes, "our objective is to determine and give effect to
the Legislature's intent." In re Tex. Dep't of Family & Protective Servs., 210 S.W.3d
at 612. To determine the Legislature's intent, we look to the plain language of the
statutes and the common meaning of the words included in the statutes. Id. 

 Former section 263.401(a) of the Texas Family Code plainly requires a trial
court to dismiss a suit affecting the parent-child relationship filed by TDFPS that
requests termination of the parent-child relationship if a final order has not been
rendered by the first Monday after the one-year anniversary of the date when the trial
court appointed the Department temporary managing conservator. See Former Tex.
Fam. Code Ann. § 263.401; see also In re Tex. Dep't of Family & Protective Servs.,
210 S.W.3d at 612. 

 Here, the trial court appointed TDFPS temporary managing conservator of the
children on July 18, 2006. Under former section 263.401(a), the trial court had until
the first Monday after the one-year anniversary of this date to render a final order, or
grant an extension, before it was required to dismiss the suit. See Former Tex. Fam.
Code Ann. § 263.401. The parties agree that the trial court, on July 10, 2007, timely,
orally rendered an order terminating Walker's parent-child relationship to her
children. (15)
 However, on August 28, 2007, the trial court granted Walker's timely-filed motion for new trial. 

 In granting the new trial, the trial court set aside the original termination order,
thus allowing the parties to "proceed without prejudice from previous proceedings"
because the granting of the new trial had the "legal effect of vacating the original
judgment and returning the case to the trial docket as though there had been no
previous trial or hearing." Markowitz v. Markowitz, 118 S.W.3d 82, 88 (Tex.
App.--Houston [14th Dist.] 2003, pet. denied); see also Wilkins v. Methodist Health
Care Sys., 160 S.W.3d 559, 563 (Tex. 2005) (stating that when motion for new trial
is granted, "the case shall be reinstated upon the docket of the trial court and stand for
trial the same as though no trial had been had" and that "the court essentially wipes
the slate clean and starts over"); Montemayor v. Ortiz, 208 S.W.3d 627, 665-66 (Tex.
App.--Corpus Christi 2006, pet. denied) ("Granting a new trial has the legal effect
of vacating the original judgment and returning the case to the trial docket as though
there had been no previous trial or hearing."). When the trial court granted Walker's
new trial motion, thereby vacating the termination order as to Walker, it did so
outside of the statutory one-year period in which it was required to render a final
order. See Former Tex. Fam. Code Ann. § 263.401. 

 Although, under former section 263.401(b), the trial court could have retained
the suit on its docket for an additional 180 days after the expiration of the initial one-year period, it could have done so only upon finding that extraordinary circumstances
necessitated the children remaining in the temporary managing conservatorship of
TDFPS and that continuing the appointment of TDFPS as temporary managing
conservator was in the best interest of the children. See id. The trial court, in order
to retain the suit, would also had to have rendered an order in which it scheduled the
new date for dismissal of the suit not later than the 180th day after the expiration of
the one-year deadline, made further temporary orders for the safety and welfare of the
child as necessary to avoid further delay in resolving the suit, and set a final hearing
on a date that allowed the court to render a final order before the required date for
dismissal of the suit. See id. 

 Nothing in the record indicates that the trial court made the requisite findings
or rendered the type of order prescribed under former section 263.401(b) in order to
grant an extension to retain the suit on its docket. (16) Instead, after granting Walker's
motion for new trial, the trial court reset the case for trial on April 22, 2008, and
subsequently reset the case for trial on June 4, 2008. (17) 

 After the trial court granted Walker's new trial motion and vacated the
termination order, but before TDFPS had "introduced all of [its] evidence, other than
rebuttal evidence, at the trial on the merits," which had been reset as necessitated by
the granting of the new trial, Walker filed her motion to dismiss, asserting that the
trial court did not timely render a final order under former section 263.401(a). See
Former Tex. Fam. Code Ann. § 263.402. 

 TDFPS first argues that because Walker did not timely move to dismiss the
case, she waived her right to seek dismissal. TDFPS asserts that, under former
section 263.402(b), "a party's complaint about a court's failure to render a timely
order under section 263.401 is waived if the party fails to file the motion or request
before [TDFPS] introduces its evidence and before the dismissal deadline." TDFPS
notes that, here, the trial began on June 28, 2007 and concluded on July 10, 2007,
TDFPS introduced all of its evidence at this trial and rested without any objection or
request for dismissal, and Walker did not seek dismissal "before that rendition" and
did not file a motion to render a final order before the dismissal deadline, which
passed in July 2007. 

 The Texas Supreme Court has interpreted former section 263.402(b) as
follows,

Section 263.402 describes the vehicles by which a party can obtain a
dismissal: a timely motion to dismiss or a motion requesting the court
to render a final order before the deadline for dismissal. A timely motion
to dismiss must be filed before [TDFPS] introduces all of its evidence,
other than rebuttal evidence. A motion requesting the court to render
a final order must be made before the dismissal deadline passes. 


In re Tex. Dep't of Family & Protective Servs., 210 S.W.3d at 613 (citations omitted)
(emphasis added). Thus, as noted by the Texas Supreme Court, the two separate
procedural vehicles, appropriately, have different deadlines: (1) a motion to dismiss
must be filed before TDFPS introduces all of its evidence, other than rebuttal
evidence, in the trial on the merits, and (2) a motion requesting the court to render a
final order must be made before the deadline for dismissal. See id. 

 At oral argument, TDFPS asserted that, under the proper construction of former
section 263.402(b), a parent must file either a motion to dismiss or a motion
requesting the court to render a final order before section 263.401(a)'s deadline for
dismissal or the parent waives the right to object to the court's failure to dismiss the
suit. Although the first sentence of former section 263.402(b) states that a motion
requesting the court to render a final order must be filed before the dismissal
deadline, this language, as illustrated by the second sentence in former section
263.402(b), does not apply to a timely motion to dismiss. See Former Tex. Fam.
Code Ann. § 263.402. Rather, a "timely motion to dismiss" is defined in the second
sentence of former section 263.402(b) as being made "before the department has
introduced all of the department's evidence, other than rebuttal evidence, at the trial
on the merits." See id.

 Regarding error preservation, the different vehicles with different deadlines
were practical and made sense. Generally to preserve error or complaint for appellate
review, a party must timely make her complaint known to the trial court to afford it
an opportunity to avoid or correct error. Valdez v. Valdez, 930 S.W.2d 725, 728 (Tex.
App.--Houston [1st Dist.] 1996, no writ); see also Tex. R. App. P. 33.1. By its plain
language, former section 263.402(b) addressed two scenarios regarding section
263.401(a)'s one-year deadline. First, if the trial on the merits had commenced and
concluded before the deadline, but the trial court had not rendered a final order, a
parent had to file a motion requesting the court to render a final order before the
deadline for dismissal. See Former Tex. Fam. Code Ann. § 263.402. This motion
would inform the trial court of the upcoming deadline and allow it to avoid error by
timely rendering such an order. Obviously, a parent would not make a motion
requesting a trial court to render a final order unless the trial court was in a position
to do so. Second, if the trial on the merits had not commenced or had not concluded
before section 263.401(a)'s one-year deadline, a parent had to file a motion to dismiss
the suit before TDFPS had introduced all of its evidence, other than rebuttal evidence. 
See id. This motion would inform the trial court that the deadline had passed prior
to TDFPS's presentation of the evidence.

 Here, Walker timely filed her motion to dismiss because, given the procedural
posture of the case, the trial on the merits, which had been set for June 4, 2008, had
not commenced and she filed the motion "before the department has introduced all
of the department's evidence, other than rebuttal evidence, at the trial on the
merits." (18) TDFPS's argument that it had already "introduced all of its evidence" in
the previous trial ignores the fact that the granting of the new trial had the "legal
effect of vacating the original judgment and returning the case to the trial docket as
though there had been no previous trial or hearing." Markowitz, 118 S.W.3d at 88
(emphasis added). TDFPS and Walker, by the granting of the new trial, were
permitted to "proceed without prejudice from [the] previous proceedings." Id. 

 After granting Walker's new trial motion, the trial court reset the termination
suit against Walker for a new trial (19) and, presumably, TDFPS intends to pursue
termination of Walker's parental rights and introduce evidence at a new trial in
support of its petition. In a new trial, TDFPS would not be restricted to presenting
only the evidence it presented at the first trial, which resulted in a termination order
that the trial court subsequently vacated. Of course, if the trial court granted Walker's
new trial motion on the factual insufficiency grounds as alleged in her new trial
motion, TDPS's presentation of the exact same evidence in the exact same manner
could prove to be a futile gesture. TDFPS's assertion that it has already presented its
evidence ignores the procedural posture of the case. 

 TDFPS also suggested at oral argument that Walker may have waived her right
to seek dismissal of the case by agreeing to continue the case outside of the statutory
dismissal deadline. However, section 263.402(a) specifically provides that "[t]he
parties to a suit under this chapter may not extend the deadlines set by the court under
this subchapter by agreement or otherwise." See Tex. Fam. Code Ann. § 263.402(a). 
 Accordingly, we hold that Walker timely filed her motion to dismiss TDFPS's
suit against her and she did not waive her right to object to the trial court's failure to
dismiss the suit. 

 TDFPS next argues that Walker's petition for writ of mandamus has no merit
because the trial court did, in fact, render a "final order" as defined in former section
263.401(d). TDFPS contends that it would be unjust and unreasonable to
"unconditionally require courts to dismiss a [TDFPS] suit if a court ever grants a new
trial in [a] case after the original dismissal deadline even if a final order was rendered
before the dismissal deadline." It argues that the unreasonableness of Walker's
interpretation is readily apparent because former section 263.405(d) of the Texas
Family Code requires trial courts, in these types of cases, to automatically consider
whether to grant a new trial. See Act of May 22, 2001, 77th Leg., R.S., ch. 1090, §
9, 2001 Tex. Gen. Laws 2395, 2396-97 (amended 2007) (current version at Tex.
Fam. Code Ann. § 263.405(d) (Vernon Supp. 2007)) (stating that trial court shall
hold hearing not later than 30th day after date final order is signed to determine
whether a new trial should be granted). TDFPS asserts that this mandate in former
section 263.405(d) "likely occurs after the dismissal deadline passes." (20)

 The Texas Supreme Court has recently indicated, in the context of reviewing
a trial court's denial of a motion for new trial after a default judgment, that when a
trial court renders a judgment terminating parental rights, but subsequently grants that
parent a new trial, TDFPS's suit to terminate parental rights remains subject to the
original statutory deadlines prescribed in section 263.401. See In re R.R., 209 S.W.3d
112, 116 (Tex. 2006). In In re R.R., the trial court entered a default judgment
terminating the parental rights of a mother who was incarcerated at the time of the
default judgment hearing. Id. at 114. After being notified that her parental rights had
been terminated, the mother informed the trial court that she wanted to appeal and
wanted an attorney. Id. The trial court then appointed the mother an attorney, who
filed a motion for new trial on the mother's behalf. Id. In the motion and attached
affidavit, the mother asserted, among other things, that she did not realize the
significance of the termination petition she had received, she had relied on a child
protective services worker to be her representative, and she was willing to go to trial
immediately. Id. The supreme court considered whether the mother's motion was
filed at such a time that granting it would not result in delay or otherwise injure
TDFPS. Id. at 116 (citing Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133
S.W.2d 124, 126 (1939)). In regard to this factor, the court noted,

[The mother's] motion for new trial was timely filed and urged that
granting a new trial would not result in delay or otherwise injure CPS
or the children. . . . At the hearing on her motion she testified that she
would be ready to go to trial immediately and would not ask for any
continuances. It was uncontroverted that under the one-year deadline
in the Family Code, at the time of the default judgment hearing CPS
had more than two months to terminate Rodgers's parental rights or
face dismissal of the suit, or seek an additional 180-day extension of
the deadline.


Id. at 116 (emphasis added) (citations omitted). 

 In In re R.R., like this case, the trial court had already entered an order
terminating the mother's parental rights. Id. In determining that the granting of the
new trial would not result in delay or otherwise injure TDFPS, the supreme court
specifically noted that the mother had agreed to go to trial immediately and that more
than two months remained before the expiration of the statutory one-year period in
which the trial court had to render its final order or, alternatively, that TDFPS could
seek an extension. Id. Thus, the above passage from In re R.R. suggests that, even
if a termination order is rendered in a termination case, if a trial court grants a new
trial, the prior termination order is set aside and the trial court must still render its
"final order" within the original one-year statutory deadline or grant an extension. 
Id. Simply put, the Texas Supreme Court analyzed the issue presented in In re R.R.
premised on an interpretation that the deadlines prescribed in section 263.401 are not
modified by the granting of a new trial. (21) See id. 

 This reading of former section 263.401 comports not only with the statute's
plain language, but also with its purpose. As noted by the Austin Court of Appeals,
"[t]he time limitations found in chapter 263 of the [F]amily [C]ode were established
by the [L]egislature in order to carry out the 1996 recommendation of the Governor's
Committee to Promote Adoption that parental rights be terminated or families
reunified within twelve months." In re Ludwig, 150 S.W.3d 819, 822 (Tex.
App.--Austin 2004, orig. proceeding), mand. granted, In re Tex. Dep't of Family &
Protective Servs., 210 S.W.3d 609. To this end, section 263.401 "caution[s] trial
courts to set a hearing well in advance of the dismissal date." In re Ludwig, 150
S.W.3d at 823. Moreover, as did the Austin Court of Appeals, we also note that we
are required to "strictly construe involuntary termination statutes in favor of the
parent." Id. at 822 (citing Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985)). Accordingly, we hold that the trial court did not render a final order before the
statutory dismissal deadline and that the trial court clearly abused its discretion in not
dismissing TDFPS's suit against Walker.

Adequate Remedy by Appeal 


 Having held that the trial court clearly abused its discretion in not dismissing
TDFPS's suit against Walker, we must now determine whether Walker has an
adequate remedy by appeal. See In re McAllen Med. Ctr., Inc., 2008 WL 2069837,
at *3 ("Whether a clear abuse of discretion can be adequately remedied by appeal
depends on a careful analysis of costs and benefits of interlocutory review."). In
determining whether there is an adequate remedy by appeal, we note that the word
"adequate" "has no comprehensive definition" and demands a "careful balance of
jurisprudential considerations that determine when appellate courts will use original
mandamus proceedings to review the actions of lower courts." In re Tex. Dep't of
Family & Protective Servs., 210 S.W.3d at 613 (citing In re Prudential, 148 S.W.3d
at 135-36). "[M]andamus will not issue when the law provides another plain,
adequate, and complete remedy." Id. 

 The supreme court in In re Texas Department of Family & Protective Services
addressed the availability of mandamus relief when a trial court abuses its discretion
in not dismissing a case under former section 263.401. Id. In that case, the supreme
court recognized that "justice demands a speedy resolution in cases involving child
custody" and that an "appeal is frequently inadequate to protect the rights of parents
and children," but the supreme court further noted that section 263.405 of the Texas
Family Code provided for an accelerated appeal of a final order rendered under that
subchapter and that this section shortened appellate deadlines, expedited the filing of
the appellate record, and required the appellate court to render its final order or
judgment with the least possible delay. Id. (citing Tex. Fam. Code Ann. § 263.405
(Vernon Supp. 2007)). In concluding that the accelerated appeal provided the parents
in the case before it with an adequate remedy, the supreme court noted that the
parents had filed their motions to dismiss during the trial and that physical possession
of the children had already passed to TDFPS. Id. However, the court cautioned that
it was not holding that a party "could never be entitled to mandamus relief" for a trial
court's failure to dismiss under section 263.401, and it specifically noted that an
impending transfer of physical possession of children or an unreasonable delay in
entering a final decree might support mandamus relief. (22) Id. Nevertheless, on the
facts before it, the court emphasized that the parents could have initiated the
accelerated appeal "at worst two days after they filed their petitions for writ of
mandamus" and, thus, they had an adequate appellate remedy. Id. at 614.

 Here, from the record before us, it appears that TDFPS has served as the
temporary managing conservator of the children since July 18, 2006. As there was
no extension granted under former section 263.401(b), the one-year period prescribed
in former section 263.401(a) expired in July 2007. The trial court granted Walker's
motion for new trial on August 28, 2007, setting aside its termination order. The trial
court did not, in conjunction with the granting of a new trial, grant an extension to
retain the suit on its docket. In fact, at argument, TDFPS conceded that it did not
request an extension to retain the suit because it operated with the understanding that,
even if the trial court granted Walker's new trial motion, a "final order" had already
been entered and the statutory deadlines in section 263.401 no longer applied. Moreover, even if an extension had been granted, the dismissal deadline, at the
latest, would have expired in January 2008. See Tex. Fam. Code Ann. § 263.401(b). 
But sometime after granting Walker's new trial motion the trial court set the case for
a new trial on the merits on April 22, 2008, nine months after the expiration of the
actual one-year deadline. Additionally, as represented by the parties at argument, the
trial court then reset the case for a trial on June 4, 2008, which would have been
almost one full year after the dismissal deadline. In the case before us, unlike in In
re Texas Department of Family & Protective Services, Walker filed her motion to
dismiss the termination proceedings in March 2008, before the initial trial reset date
of April 22, 2008 and the subsequent reset date of June 4, 2008. Thus, when Walker
sought relief, she was not in the "midst of trial" with an accelerated appeal just two
days away. Also, in In re Texas Department of Family & Protective Services, the
dismissal deadline passed on July 24, 2004 and the trial court terminated the parental
rights only a few days later on July 28, 2004. 210 S.W.3d at 611. Here, the dismissal
deadline passed in July 2007, approximately one year ago. (23) Finally, we note that,
under TDFPS's interpretation of the statute, which the trial court apparently accepted,
the statutory deadlines enacted by our Legislature to carry out the goal of terminating
parental rights or reunifying families within 12 months no longer applied. As there
is no guarantee that the second trial will result in a promptly rendered final order, an
accelerated appeal simply cannot provide an adequate remedy in this case because the
date at which such an appeal may ripen is uncertain. See In re Tex. Dep't of Family
& Protective Services, 210 S.W.3d at 614. 

 If we accepted TDFPS's interpretation of former section 263.401, when a trial
court renders a termination order, but subsequently sets that order aside, the trial court
is no longer governed by the statutory mandates that the Legislature enacted to ensure
speedy resolution of termination proceedings. Such an interpretation would, under
these procedural circumstances, eviscerate the legislative mandates enacted to
encourage a trial court's speedy resolution of termination of parental rights cases. 
Accordingly, we hold that Walker does not have an adequate remedy by appeal to
address the trial court's failure to dismiss TDFPS's suit to terminate her parental
rights.

Conclusion

 Having held that the trial court clearly abused its discretion in not dismissing
TDFPS's suit and that Walker does not have an adequate remedy by appeal, we
conditionally grant the writ of mandamus and direct the trial court to dismiss
TDFPS's suit against Walker. A writ from this Court will issue only if the trial court
does not comply. 


 

 Terry Jennings

 Justice




Panel consists of Justices Taft, Jennings, and Bland.


En banc consideration was requested. See Tex. R. App. P. 41.2(c).


A majority of the en banc court voted to deny en banc consideration. See id.


Justice Keyes, dissenting from denial of en banc consideration. Dissenting opinion
to follow.


1. In the Interest of W, No. 2006-06805J (314th District Court, Harris County, Tex.).
2. See Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108,
2113, amended by Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 8, 2001 Tex.
Gen. Laws 2395, 2396, amended by Act of May 29, 2005, 79th Leg., R.S., ch. 268,
§ 1.40, 2005 Tex. Gen. Laws 621, 636 [referred to herein as Former Tex. Fam. Code
Ann. § 263.401] (amended 2007) (current version at Tex. Fam. Code Ann. § 263.401
(Vernon Supp. 2007)). 
3. Although the parties did not supply this Court with the complete reporter's record
from the underlying proceedings, the parties agree that the trial court orally rendered
a termination order on July 10, 2007, within the statutory one-year deadline prescribed
in former section 263.401(a). As explained below, however, upon the granting of
Walker's motion for new trial, this termination order was vacated.
4. More specifically, Walker argued that the trial court erred in terminating her parental
rights because there was no clear and convincing evidence that (1) she had engaged
in conduct or knowingly placed the children with persons who had engaged in
conduct which endangered the physical or emotional well being of the children; (2)
she had been convicted or placed on community supervision for being criminally
responsible for the death or serious injury of a child or adjudicated for conduct that
caused the death or serious injury of a child and that would constitute the offense of
indecency with a child; (3) (5)
5. 
 
 
 ' 
 (6)
6. 
 (7)
7. 
 §§ 
 § 
8. In its order, the trial court stated that it was granting a new trial "as to mother only." 
The fathers are not relators in this proceeding.
9. See Former Tex. Fam. Code Ann. § 263.401. 
10. See id.
11. After the trial court denied her motion to dismiss, Walker filed her first petition for
writ of mandamus in this Court on April 10, 2008, complaining that the associate
judge in her case had abused her discretion in not dismissing TDFPS's suit to
terminate Walker's parental rights. We dismissed that petition for writ of mandamus
because we lacked mandamus jurisdiction over the associate judge. In re Walker, No.
01-08-00253-CV, 2008 WL 1830400 (Tex. App.--Houston [1st Dist.] Apr. 18, 2008,
orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221(b) (Vernon 2004)). 
Walker corrected that error and filed the instant petition for writ of mandamus, which
properly identifies the district court judge as the respondent. 
12. On April 30, 1998, Walker filed her petition for writ of mandamus as well as an
emergency motion to stay the June 4, 2008 trial. The case was submitted to this Court
and oral argument was held on May 21, 1998. On May 29, 2008, we granted
Walker's motion to stay the June 4, 2008 trial. See Tex. R. App. P. 43.6.
13. The dismissal deadlines in section 263.401 are procedural, not jurisdictional. See In
re J.C.J., No. 05-05-01555-CV, 2006 WL 2348987, at *5 n.4 (Tex. App.--Dallas
Aug. 15, 2006, no pet.) (mem. op.); In re R.W.W., No. 12-04-00329-CV, 2005 WL
2155193, at *2 (Tex. App.--Tyler Sept. 7, 2005, no pet.) (mem. op.); In re Ludwig,
150 S.W.3d 819, 822 (Tex. App.--Austin 2004, orig. proceeding); In re M.N.G., 147
S.W.3d 521, 527 n.1 (Tex. App.--Fort Worth 2004, pet. denied); In re J.B.W., 99
S.W.3d 218, 224 n.27 (Tex. App.--Fort Worth 2003, pet. denied); In re A.B., 125
S.W.3d 769, 773 n.2 (Tex. App.--Texarkana 2003, pet. denied); In re D.D.M., 116
S.W.3d 224, 229 (Tex. App.--Tyler 2003, no pet.).
14. The 2007 amendments to sections 263.401 and 263.402 apply only to suits filed on
or after the effective date of the amendments, which is June 15, 2007. See Act of May
27, 2007, 80th Leg., R.S., ch. 866, § 6, 2007 Tex. Gen. Laws 1837, 1838. A suit
affecting the parent-child relationship filed before the effective date of the 2007
amendments to these sections is governed by the law in effect at the time the suit was
filed. See id. As this suit was filed prior to the effective date of the 2007
amendments, we apply the former versions of sections 263.401 and 263.402. We note
that, although the prior version of section 263.401 was amended in 2007 in several
respects, the most important distinction between the current version and the prior
version is that the current version requires dismissal "[u]nless the court has
commenced the trial on the merits or granted an extension . . . ." See Tex. Fam. Code
Ann. § 263.401 (Vernon Supp. 2007).
15. Although the trial court signed its termination decree on August 21, 2007, which
would have fallen outside the one-year period prescribed in former section
263.401(a), the trial court's oral rendition terminating her parent-child relationship on
July 10, 2007, but for the subsequent granting of the new trial, would have provided
the required "final order" within the prescribed time period. See Tex. Fam. Code
Ann. § 101.026 (Vernon 2002) ("'Render' means the pronouncement by a judge of
the court's ruling on a matter. The pronouncement may be made orally in the presence
of the court reporter or in writing, including on the court's docket sheet or by a
separate written instrument.").

16. We note that nothing in former section 263.401(b) suggests that an extension allowed
under that section must be granted prior to the expiration of the one-year period
prescribed in section 263.401(a). See Former Tex. Fam. Code Ann. § 263.401.
Thus, contrary to TDFPS's assertions, a trial court that grants a new trial outside of
the one-year deadline, but before the expiration of the additional 180-day extension
period, could simply, in the same order, grant the new trial and include the statutory
findings and other requirements necessary to grant the extension. See id.
17. We note that, even if an extension of 180 days had been granted under former section
263.401(b), the extended period would have expired, at the latest, in January 2008. 

18. The current version of section 263.402(b) provides, "A party to a suit under this
chapter who fails to make a timely motion to dismiss the suit under this subchapter
waives the right to object to the court's failure to dismiss the suit. A motion to dismiss
under this subsection is timely if the motion is made before the trial on the merits
commences." Tex. Fam. Code Ann. § 263.402(b) (emphasis added). Thus, under
the current version of section 263.402(b), a party may file only a motion to dismiss
before the trial on the merits commences. See id. As noted above, upon the granting
of a motion for new trial, a "case shall be reinstated upon the docket of the trial court
and stand for trial the same as though no trial had been had" and "the court essentially
wipes the slate clean and starts over." Wilkins v. Methodist Health Care Sys., 160
S.W.3d 559, 563 (Tex. 2005). Thus, even applying the current version of section
263.402(b), Walker's motion would still be timely.
19. Again, we note that we stayed the June 4, 2008 trial.
20. TDFPS does not explain why this mandate likely occurs outside the statutory deadline. 
21. TDFPS argues that, if we accept Walker's position, "if one of these cases is appealed,
and an appellate court orders a new trial, the trial court would have to immediately
dismiss the case on remand rather than trying the issues that the appellate court
evaluated should be retried." However, nothing in former section 263.401(a) suggests
such an interpretation. See Former Tex. Fam. Code Ann. § 263.401. In fact, former
section 263.401(a) concerns only the trial court's one-year deadline to render a final
order; it does not impose appellate court deadlines and does not impose any further
deadlines after appellate review of such a final, appealable order. See id. 
22. The second factor used by the supreme court to conclude that the accelerated appeal
provided an adequate remedy, i.e., the transfer of physical possession of the children
to TDFPS, would seem to exist in many of the cases in which TDFPS is seeking
termination. In re Tex. Dep't of Family & Protective Servs., 210 S.W.3d at 613; see
also Tex. Fam. Code Ann. § 263.401(a) (providing that statutory dismissal deadline
only commences once TDFPS is appointed temporary managing conservator of child).
 Thus, we do not conclude the fact that TDFPS has already obtained physical
possession of Walker's children precludes the availability of mandamus relief in this
case. 
23. TDFPS notes that at least some of the delay can be attributed to continuances that
Walker either requested or agreed to. But, again, section 263.402(a) specifically
provides that "[t]he parties to a suit under this chapter may not extend the deadlines
set by the court under this subchapter by agreement or otherwise." See Tex. Fam.
Code Ann. § 263.402(a).