**In re Kristal Timish WALKER a/k/a Kristal Timisha Walker, Relator.**

No. 01–08–00348–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 30, 2008.

Dissenting Opinion July 1, 2008.

Douglas Ray York, Pavlas, Brown & York, L.L.P., Houston, TX, for Relator.

Mimi Han, Sandra D. Hachem, Sr. Asst. Co. Atty., Glenn H. Devlin, Houston, TX, for Real Party in Interest.

Panel consists of Justices TAFT, JENNINGS, and BLAND.

## OPINION

TERRY JENNINGS, Justice.

By petition for writ of mandamus, relator, Kristal Timish Walker, also known as Kristal Timisha Walker, challenges the trial court's order denying her motion to dismiss the suit brought by the real party in interest, the Texas Department of Family & Protective Services ("TDFPS"), to terminate Walker's parent-child relationship with her two minor children.[1] In a single issue, Walker contends that the trial court clearly abused its discretion in not dismissing TDFPS's suit after the statutory dismissal date had passed[2] and she has no adequate remedy by appeal.

We conditionally grant Walker's petition for writ of mandamus.

---

1. *In the Interest of W*, No. 2006–06805J (314th District Court, Harris County, Tex.).

2. *See* Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2113, *amended by* Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 8, 2001 Tex. Gen. Laws 2395, 2396, *amended by* Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.40, 2005 Tex. Gen. Laws 621, 636 [referred to herein as FORMER TEX. FAM.CODE ANN. § 263.401] (amended 2007) (current version at TEX. FAM.CODE ANN. § 263.401 (Vernon Supp.2007)).

## Procedural Background

Although the record presented by the relator is scant, the pertinent procedural facts are largely undisputed. On July 18, 2006, the trial court appointed TDFPS temporary managing conservator of Walker's two minor children, and, on June 28, 2007, a trial commenced on TDFPS's petition. The trial concluded on July 10, 2007, and, on this date, the trial court orally rendered an order terminating Walker's parental rights as well as the parental rights of the fathers.[3] Consistent with its oral rendition, on August 21, 2007, the trial court signed a decree terminating Walker's and the fathers' parent-child relationship with the children.

After the trial court orally rendered the termination order, on August 1, 2007, Walker filed a new trial motion, asserting that the evidence was legally and factually insufficient to support the trial court's findings on which the trial court based its termination order.[4] On August 28, 2007, the trial court granted Walker's new trial motion.[5] Thereafter, sometime in March 2008, Walker filed a "motion to dismiss and for immediate return of children," arguing that because the trial court had granted her new trial motion and had set aside its termination order, the trial court did not timely render a final order within the statutory one-year deadline in which the trial court was required to render a final order.[6] Walker noted that the trial court had reset the termination case for another trial on the merits on April 22, 2008. Walker further argued that because the statutory deadline had expired and there was no timely final order, and because the trial court had never extended the statutory dismissal deadline, the trial court was required to dismiss the case under former section 263.401 of the Texas Family Code.[7] The trial court denied Walker's motion to dismiss on March 20, 2008, and Walker filed her petition for writ of mandamus.[8] Walker represented in her

---

3. Although the parties did not supply this Court with the complete reporter's record from the underlying proceedings, the parties agree that the trial court orally rendered a termination order on July 10, 2007, within the statutory one-year deadline prescribed in former section 263.401(a). As explained below, however, upon the granting of Walker's motion for new trial, this termination order was vacated.

4. More specifically, Walker argued that the trial court erred in terminating her parental rights because there was no clear and convincing evidence that (1) she had engaged in conduct or knowingly placed the children with persons who had engaged in conduct which endangered the physical or emotional well being of the children; (2) she had been convicted or placed on community supervision for being criminally responsible for the death or serious injury of a child or adjudicated for conduct that caused the death or serious injury of a child and that would constitute the offense of indecency with a child; (3) she had failed to comply with the provisions of a court order that specifically established the

actions necessary for her to obtain the return of her children who had been in the permanent or temporary managing conservatorship of TDFPS for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children; or (4) that termination of her parental rights was in the best interest of her children." See TEX. FAM.CODE ANN. §§ 161.001(1)(E), 161.001(1)(O), 161.001(2) (Vernon Supp.2007); TEX. PENAL CODE ANN. § 21.11 (Vernon Supp.2007).

5. In its order, the trial court stated that it was granting a new trial "as to mother only." The fathers are not relators in this proceeding.

6. See FORMER TEX. FAM.CODE ANN. § 263.401.

7. See id.

8. After the trial court denied her motion to dismiss, Walker filed her first petition for writ of mandamus in this Court on April 10, 2008, complaining that the associate judge in her

briefing, and the parties agreed at argument, that the trial court had subsequently reset the trial for June 4, 2008.[9]

### Standard of Review

Mandamus is an extraordinary remedy, which is available only when a trial court clearly abuses its discretion and there is no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, No. 05–0892, — S.W.3d —, —, 2008 WL 4051053, at *1 (Tex. Aug. 29, 2008); *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex.2006); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004). With respect to a trial court's determination of legal principles, a trial court has no discretion in determining what the law is or applying the law to facts. *In re Prudential*, 148 S.W.3d at 135. A trial court abuses its discretion when it fails to apply the law correctly, so we consider the trial court's legal ruling. *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d at 612.

### Dismissal Under Section 263.401

In her single issue, Walker argues that the trial court clearly abused its discretion in not dismissing TDFPS's suit because the statutory dismissal date had passed due to the trial court's ˙granting of Walker's new trial motion. Relying on former sections 263.401 and 263.402 of the Texas Family Code, Walker asserts that the intent of these statutes is clear and that if,

for any reason, including the granting of new trial motion, a final order is not rendered in a suit to terminate the parent-child relationship before the statutory dismissal deadline passes, then the proper remedy is for the trial court to dismiss the suit.

The version of former section 263.401 of the Texas Family Code, applicable to this case, provides,

> (a) *Unless the court has rendered a final order or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship* or requests that the department be named conservator of the child.
>
> (b) *The court may not retain the suit on the court's docket after the time described by Subsection (a) unless* the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not

case had abused her discretion in not dismissing TDFPS's suit to terminate Walker's parental rights. We dismissed that petition for writ of mandamus because we lacked mandamus jurisdiction over the associate judge. *In re Walker*, No. 01–08–00253–CV, 2008 WL 1830400 (Tex.App.-Houston [1st Dist.] Apr. 18, 2008, orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221(b) (Vernon 2004)). Walker corrected that error and filed the instant petition for writ of mandamus, which proper-

ly identifies the district court judge as the respondent.

9. On April 30, 1998, Walker filed her petition for writ of mandamus as well as an emergency motion to stay the June 4, 2008 trial. The case was submitted to this Court and oral argument was held on May 21, 1998. On May 29, 2008, we granted Walker's motion to stay the June 4, 2008 trial. *See* Tex.R.App. P. 43.6.

to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

(1) schedules the new date for dismissal of the suit not later than the 180th day after the time described by Subsection (a);

(2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

(3) sets a final hearing on a date that allows the court to render a final order before the required date for dismissal of the suit under this subsection.

(c) If the court grants an extension but does not render a final order or dismiss the suit on or before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).

(d) For purposes of this section, a final order is an order that:

(1) requires that a child be returned to the child's parent;

(2) names a relative of the child or another person as the child's managing conservator;

(3) without terminating the parent-child relationship, appoints the department as the managing conservator of the child; or

(4) terminates the parent-child relationship and appoints a relative of the child, another suitable person, or the department as managing conservator of the child.

*See* Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2113, *amended by* Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 8, 2001 Tex. Gen. Laws 2395, 2396, *amended by* Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.40, 2005 Tex. Gen. Laws 621, 636 [referred to herein as FORMER TEX. FAM.CODE ANN. § 263.401] (amended 2007) (current version at TEX. FAM.CODE ANN. § 263.401 (Vernon Supp.2007)).[10]

The former version of section 263.402 of the Texas Family Code, applicable to this case, provides,

(a) The parties to a suit under this chapter may not extend the deadlines set by the court under this subchapter by agreement or otherwise.

(b) A party to a suit under this chapter who fails to make a timely motion to dismiss the suit or to make a motion requesting the court to render a final order before the deadline for dismissal under this subchapter waives the right to object to the court's failure to dismiss the suit. A motion to dismiss under this subsection is timely if the motion is made before the department has introduced all of the department's evidence, other than rebuttal evidence, at the trial on the merits.

*See* Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108,

---

**10.** The dismissal deadlines in section 263.401 are procedural, not jurisdictional. *See In re J.C.J.*, No. 05–05–01555–CV, 2006 WL 2348987, at *5 n. 4 (Tex.App.-Dallas Aug.15, 2006, no pet.) (mem.op.); *In re R.W.W.*, No. 12–04–00329–CV, 2005 WL 2155193, at *2 (Tex.App.-Tyler Sept.7, 2005, no pet.) (mem. op.); *In re Ludwig*, 150 S.W.3d 819, 822 (Tex. App.-Austin 2004, orig. proceeding); *In re M.N.G.*, 147 S.W.3d 521, 527 n. 1 (Tex.App.-Fort Worth 2004, pet. denied); *In re J.B.W.*, 99 S.W.3d 218, 224 n. 27 (Tex.App.-Fort Worth 2003, pet. denied); *In re A.B.*, 125 S.W.3d 769, 773 n. 2 (Tex.App.-Texarkana 2003, pet. denied); *In re D.D.M.*, 116 S.W.3d 224, 229 (Tex.App.-Tyler 2003, no pet.).

2113, *amended by* Act of May 30, 1999, 76th Leg., R.S., ch. 1390, § 48, 1999 Tex. Gen. Laws 4695, 4709, *amended by* Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2396–97 [referred to herein as FORMER TEX. FAM. CODE ANN. § 263.402] (amended 2007) (current version at TEX. FAM.CODE. ANN. § 263.402 (Vernon Supp.2007)).[11]

In construing these statutes, "our objective is to determine and give effect to the Legislature's intent." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d at 612. To determine the Legislature's intent, we look to the plain language of the statutes and the common meaning of the words included in the statutes. *Id.*

Former section 263.401(a) of the Texas Family Code plainly requires a trial court to dismiss a suit affecting the parent-child relationship filed by TDFPS that requests termination of the parent-child relationship if a final order has not been rendered by the first Monday after the one-year anniversary of the date when the trial court appointed the Department temporary managing conservator. *See* FORMER TEX. FAM.CODE ANN. § 263.401; *see also In re*

*Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d at 612.

Here, the trial court appointed TDFPS temporary managing conservator of the children on July 18, 2006. Under former section 263.401(a), the trial court had until the first Monday after the one-year anniversary of this date to render a final order, or grant an extension, before it was required to dismiss the suit. *See* FORMER TEX. FAM.CODE ANN. § 263.401. The parties agree that the trial court, on July 10, 2007, timely, orally rendered an order terminating Walker's parent-child relationship to her children.[12] However, on August 28, 2007, the trial court granted Walker's timely-filed motion for new trial.

In granting the new trial, the trial court set aside the original termination order, thus allowing the parties to "proceed without prejudice from previous proceedings" because the granting of the new trial had the "legal effect of vacating the original judgment and returning the case to the trial docket as though there had been no previous trial or hearing." *Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex.App.-Houston [14th Dist.] 2003, pet. denied); *see also Wilkins v. Methodist Health Care*

---

**11.** The 2007 amendments to sections 263.401 and 263.402 apply only to suits filed on or after the effective date of the amendments, which is June 15, 2007. *See* Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 6, 2007 Tex. Gen. Laws 1837, 1838. A suit affecting the parent-child relationship filed before the effective date of the 2007 amendments to these sections is governed by the law in effect at the time the suit was filed. *See id.* As this suit was filed prior to the effective date of the 2007 amendments, we apply the former versions of sections 263.401 and 263.402. We note that, although the prior version of section 263.401 was amended in 2007 in several respects, the most important distinction between the current version and the prior version is that the current version requires dismissal "[u]nless the court has commenced the trial on the merits or granted an exten-

sion . . . ." *See* TEX. FAM.CODE ANN. § 263.401 (Vernon Supp.2007).

**12.** Although the trial court signed its termination decree on August 21, 2007, which would have fallen outside the one-year period prescribed in former section 263.401(a), the trial court's oral rendition terminating her parent-child relationship on July 10, 2007, but for the subsequent granting of the new trial, would have provided the required "final order" within the prescribed time period. *See* TEX. FAM.CODE ANN. § 101.026 (Vernon 2002) (" 'Render' means the pronouncement by a judge of the court's ruling on a matter. The pronouncement may be made orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument.").

*Sys.,* 160 S.W.3d 559, 563 (Tex.2005) (stating that when motion for new trial is granted, "the case shall be reinstated upon the docket of the trial court and stand for trial the same as though no trial had been had" and that "the court essentially wipes the slate clean and starts over"); *Montemayor v. Ortiz,* 208 S.W.3d 627, 665–66 (Tex.App.-Corpus Christi 2006, pet. denied) ("Granting a new trial has the legal effect of vacating the original judgment and returning the case to the trial docket as though there had been no previous trial or hearing."). When the trial court granted Walker's new trial motion, thereby vacating the termination order as to Walker, it did so outside of the statutory one-year period in which it was required to render a final order. *See* FORMER TEX. FAM.CODE ANN. § 263.401.

Although, under former section 263.401(b), the trial court could have retained the suit on its docket for an additional 180 days after the expiration of the initial one-year period, it could have done so only upon finding that extraordinary circumstances necessitated the children remaining in the temporary managing conservatorship of TDFPS and that continuing the appointment of TDFPS as temporary managing conservator was in the best interest of the children. *See id.* The trial court, in order to retain the suit, would also had to have rendered an order in which it scheduled the new date for dismissal of the suit not later than the 180th day after the expiration of the one-year deadline, made further temporary orders

for the safety and welfare of the child as necessary to avoid further delay in resolving the suit, and set a final hearing on a date that allowed the court to render a final order before the required date for dismissal of the suit. *See id.*

Nothing in the record indicates that the trial court made the requisite findings or rendered the type of order prescribed under former section 263.401(b) in order to grant an extension to retain the suit on its docket.[13] Instead, after granting Walker's motion for new trial, the trial court reset the case for trial on April 22, 2008, and subsequently reset the case for trial on June 4, 2008.[14]

After the trial court granted Walker's new trial motion and vacated the termination order, but before TDFPS had "introduced all of [its] evidence, other than rebuttal evidence, at the trial on the merits," which had been reset as necessitated by the granting of the new trial, Walker filed her motion to dismiss, asserting that the trial court did not timely render a final order under former section 263.401(a). *See* FORMER TEX. FAM.CODE ANN. § 263.402.

■ TDFPS first argues that because Walker did not timely move to dismiss the case, she waived her right to seek dismissal. TDFPS asserts that, under former section 263.402(b), "a party's complaint about a court's failure to render a timely order under section 263.401 is waived if the party fails to file the motion or request before [TDFPS] introduces its evidence

---

**13.** We note that nothing in former section 263.401(b) suggests that an extension allowed under that section must be granted prior to the expiration of the one-year period prescribed in section 263.401(a). *See* FORMER TEX. FAM.CODE ANN. § 263.401. Thus, contrary to TDFPS's assertions, a trial court that grants a new trial outside of the one-year deadline, but before the expiration of the additional 180–day extension period, could sim-

ply, in the same order, grant the new trial and include the statutory findings and other requirements necessary to grant the extension. *See id.*

**14.** We note that, even if an extension of 180 days had been granted under former section 263.401(b), the extended period would have expired, at the latest, in January 2008.

and before the dismissal deadline." TDFPS notes that, here, the trial began on June 28, 2007 and concluded on July 10, 2007, TDFPS introduced all of its evidence at this trial and rested without any objection or request for dismissal, and Walker did not seek dismissal "before that rendition" and did not file a motion to render a final order before the dismissal deadline, which passed in July 2007.

■ The Texas Supreme Court has interpreted former section 263.402(b) as follows,

> Section 263.402 describes the *vehicles* by which a party can obtain a dismissal: a timely motion to dismiss *or* a motion requesting the court to render a final order before the deadline for dismissal. *A timely motion to dismiss must be filed before [TDFPS] introduces all of its evidence, other than rebuttal evidence.* A motion requesting the court to render a final order must be made before the dismissal deadline passes.

*In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d at 613 (citations omitted) (emphasis added). Thus, as noted by the Texas Supreme Court, the two separate procedural vehicles, appropriately, have different deadlines: (1) a motion to dismiss must be filed before TDFPS introduces all of its evidence, other than rebuttal evidence, in the trial on the merits, and (2) a motion requesting the court to render a final order must be made before the deadline for dismissal. *See id.*

At oral argument, TDFPS asserted that, under the proper construction of former section 263.402(b), a parent must file either a motion to dismiss or a motion requesting the court to render a final order before section 263.401(a)'s deadline for dismissal or the parent waives the right to object to the court's failure to dismiss the suit. Although the first sentence of former section 263.402(b) states that a motion requesting the court to render a final order must be filed before the dismissal deadline, this language, as illustrated by the second sentence in former section 263.402(b), does not apply to a timely motion to dismiss. *See* Former Tex. Fam.Code Ann. § 263.402. Rather, a "timely motion to dismiss" is defined in the second sentence of former section 263.402(b) as being made "before the department has introduced all of the department's evidence, other than rebuttal evidence, at the trial on the merits." *See id.*

■ Regarding error preservation, the different vehicles with different deadlines were practical and made sense. Generally to preserve error or complaint for appellate review, a party must timely make her complaint known to the trial court to afford it an opportunity to avoid or correct error. *Valdez v. Valdez*, 930 S.W.2d 725, 728 (Tex.App.-Houston [1st Dist.] 1996, no writ); *see also* Tex.R.App. P. 33.1. By its plain language, former section 263.402(b) addressed two scenarios regarding section 263.401(a)'s one-year deadline. First, if the trial on the merits had commenced and concluded before the deadline, but the trial court had not rendered a final order, a parent had to file a motion requesting the court to render a final order before the deadline for dismissal. *See* Former Tex. Fam.Code Ann. § 263.402. This motion would inform the trial court of the upcoming deadline and allow it to avoid error by timely rendering such an order. Obviously, a parent would not make a motion requesting a trial court to render a final order unless the trial court was in a position to do so. Second, if the trial on the merits had not commenced or had not concluded before section 263.401(a)'s one-year deadline, a parent had to file a motion to dismiss the suit before TDFPS had introduced all of its evidence, other than rebuttal evidence. *See id.* This motion

would inform the trial court that the deadline had passed prior to TDFPS's presentation of the evidence.

Here, Walker timely filed her motion to dismiss because, given the procedural posture of the case, the trial on the merits, which had been set for June 4, 2008, had not commenced and she filed the motion "before the department has introduced all of the department's evidence, other than rebuttal evidence, at the trial on the merits." [15] TDFPS's argument that it had already "introduced all of its evidence" in the previous trial ignores the fact that the granting of the new trial had the "legal effect of vacating the original judgment and returning the case to the trial docket *as though there had been no previous trial or hearing.*" *Markowitz*, 118 S.W.3d at 88 (emphasis added). TDFPS and Walker, by the granting of the new trial, were permitted to "proceed without prejudice from [the] previous proceedings." *Id.*

After granting Walker's new trial motion, the trial court reset the termination suit against Walker for a new trial [16] and, presumably, TDFPS intends to pursue termination of Walker's parental rights and introduce evidence at a new trial in support of its petition. In a new trial, TDFPS would not be restricted to presenting only the evidence it presented at the first trial, which resulted in a termination order that the trial court subsequently vacated. Of course, if the trial court granted Walker's

new trial motion on the factual insufficiency grounds as alleged in her new trial motion, TDPS's presentation of the exact same evidence in the exact same manner could prove to be a futile gesture. TDFPS's assertion that it has already presented its evidence ignores the procedural posture of the case.

■ TDFPS also suggested at oral argument that Walker may have waived her right to seek dismissal of the case by agreeing to continue the case outside of the statutory dismissal deadline. However, section 263.402(a) specifically provides that "[t]he parties to a suit under this chapter may not extend the deadlines set by the court under this subchapter by agreement or otherwise." *See* Tex. Fam. Code Ann. § 263.402(a).

Accordingly, we hold that Walker timely filed her motion to dismiss TDFPS's suit against her and she did not waive her right to object to the trial court's failure to dismiss the suit.

■ TDFPS next argues that Walker's petition for writ of mandamus has no merit because the trial court did, in fact, render a "final order" as defined in former section 263.401(d). TDFPS contends that it would be unjust and unreasonable to "unconditionally require courts to dismiss a [TDFPS] suit if a court ever grants a new trial in [a] case after the original dismissal

---

15. The current version of section 263.402(b) provides, "A party to a suit under this chapter who fails to make a timely motion to dismiss the suit under this subchapter waives the right to object to the court's failure to dismiss the suit. A motion to dismiss under this subsection is timely if the motion is made *before the trial on the merits commences.*" Tex. Fam. Code Ann. § 263.402(b) (emphasis added). Thus, under the current version of section 263.402(b), a party may file only a motion to dismiss before the trial on the merits commences. *See id.* As noted above, upon the granting of a motion for new trial, a "case

shall be reinstated upon the docket of the trial court and stand for trial the same as though no trial had been had" and "the court essentially wipes the slate clean and starts over." *Wilkins v. Methodist Health Care Sys.,* 160 S.W.3d 559, 563 (Tex.2005). Thus, even applying the current version of section 263.402(b), Walker's motion would still be timely.

16. Again, we note that we stayed the June 4, 2008 trial.

deadline even if a final order was rendered before the dismissal deadline." It argues that the unreasonableness of Walker's interpretation is readily apparent because former section 263.405(d) of the Texas Family Code requires trial courts, in these types of cases, to automatically consider whether to grant a new trial. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2396–97 (amended 2007) (current version at TEX. FAM.CODE ANN. § 263.405(d) (Vernon Supp. 2007)) (stating that trial court shall hold hearing not later than 30th day after date final order is signed to determine whether a new trial should be granted). TDFPS asserts that this mandate in former section 263.405(d) "likely occurs after the dismissal deadline passes." [17]

The Texas Supreme Court has recently indicated, in the context of reviewing a trial court's denial of a motion for new trial after a default judgment, that when a trial court renders a judgment terminating parental rights, but subsequently grants that parent a new trial, TDFPS's suit to terminate parental rights remains subject to the original statutory deadlines prescribed in section 263.401. *See In re R.R.*, 209 S.W.3d 112, 116 (Tex.2006). In *In re R.R.*, the trial court entered a default judgment terminating the parental rights of a mother who was incarcerated at the time of the default judgment hearing. *Id.* at 114. After being notified that her parental rights had been terminated, the mother informed the trial court that she wanted to appeal and wanted an attorney. *Id.* The trial court then appointed the mother an attorney, who filed a motion for new trial on the mother's behalf. *Id.* In the motion and attached affidavit, the mother asserted, among other things, that she did not realize the significance of the termination petition she had received, she had relied on a

child protective services worker to be her representative, and she was willing to go to trial immediately. *Id.* The supreme court considered whether the mother's motion was filed at such a time that granting it would not result in delay or otherwise injure TDFPS. *Id.* at 116 (citing *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)). In regard to this factor, the court noted,

> [The mother's] motion for new trial was timely filed and urged that granting a new trial would not result in delay or otherwise injure CPS or the children.... At the hearing on her motion she testified that she would be ready to go to trial immediately and would not ask for any continuances. *It was uncontroverted that under the one-year deadline in the Family Code, at the time of the default judgment hearing CPS had more than two months to terminate Rodgers's parental rights or face dismissal of the suit, or seek an additional 180–day extension of the deadline.*

*Id.* at 116 (emphasis added) (citations omitted).

In *In re R.R.*, like this case, the trial court had already entered an order terminating the mother's parental rights. *Id.* In determining that the granting of the new trial would not result in delay or otherwise injure TDFPS, the supreme court specifically noted that the mother had agreed to go to trial immediately and that more than two months remained before the expiration of the statutory one-year period in which the trial court had to render its final order or, alternatively, that TDFPS could seek an extension. *Id.* Thus, the above passage from *In re R.R.* suggests that, even if a termination order is rendered in a termination case, if a trial

---

17. TDFPS does not explain why this mandate likely occurs outside the statutory deadline.

court grants a new trial, the prior termination order is set aside and the trial court must still render its "final order" within the original one-year statutory deadline or grant an extension. *Id.* Simply put, the Texas Supreme Court analyzed the issue presented in *In re R.R.* premised on an interpretation that the deadlines prescribed in section 263.401 are not modified by the granting of a new trial.[18] *See id.*

This reading of former section 263.401 comports not only with the statute's plain language, but also with its purpose. As noted by the Austin Court of Appeals, "[t]he time limitations found in chapter 263 of the [F]amily [C]ode were established by the [L]egislature in order to carry out the 1996 recommendation of the Governor's Committee to Promote Adoption that parental rights be terminated or families reunified within twelve months." *In re Ludwig,* 150 S.W.3d 819, 822 (Tex.App.-Austin 2004, orig. proceeding), *mand. granted, In re Tex. Dep't of Family & Protective Servs.,* 210 S.W.3d 609. To this end, section 263.401 "caution[s] trial courts to set a hearing well in advance of the dismissal date." *In re Ludwig,* 150 S.W.3d at 823. Moreover, as did the Austin Court of Appeals, we also note that we are required to "strictly construe involuntary termination statutes in favor of the parent." *Id.* at 822 (citing *Holick v. Smith,* 685 S.W.2d 18, 20 (Tex.1985)).

Accordingly, we hold that the trial court did not render a final order before the statutory dismissal deadline and that the trial court clearly abused its discretion in not dismissing TDFPS's suit against Walker.

## Adequate Remedy by Appeal

 Having held that the trial court clearly abused its discretion in not dismissing TDFPS's suit against Walker, we must now determine whether Walker has an adequate remedy by appeal. *See In re McAllen Med. Ctr., Inc.,* —— S.W.3d at ——, 2008 WL 4051053, at *3 ("Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review."). In determining whether there is an adequate remedy by appeal, we note that the word "adequate" "has no comprehensive definition" and demands a "careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Tex. Dep't of Family & Protective Servs.,* 210 S.W.3d at 613 (citing *In re Prudential,* 148 S.W.3d at 135–36). "[M]andamus will not issue when the law provides another plain, adequate, and complete remedy." *Id.*

The supreme court in *In re Texas Department of Family & Protective Services* addressed the availability of mandamus relief when a trial court abuses its discretion in not dismissing a case under former section 263.401. *Id.* In that case, the supreme court recognized that "justice demands a speedy resolution in cases involving child custody" and that an "appeal is frequently inadequate to protect the rights of parents and children," but the supreme

---

**18.** TDFPS argues that, if we accept Walker's position, "if one of these cases is appealed, and an appellate court orders a new trial, the trial court would have to immediately dismiss the case on remand rather than trying the issues that the appellate court evaluated should be retried." However, nothing in former section 263.401(a) suggests such an interpretation. *See* FORMER TEX. FAM.CODE ANN. § 263.401. In fact, former section 263.401(a) concerns only the trial court's one-year deadline to render a final order; it does not impose appellate court deadlines and does not impose any further deadlines after appellate review of such a final, appealable order. *See id.*

court further noted that section 263.405 of the Texas Family Code provided for an accelerated appeal of a final order rendered under that subchapter and that this section shortened appellate deadlines, expedited the filing of the appellate record, and required the appellate court to render its final order or judgment with the least possible delay. *Id.* (citing TEX. FAM.CODE ANN. § 263.405 (Vernon Supp.2007)). In concluding that the accelerated appeal provided the parents in the case before it with an adequate remedy, the supreme court noted that the parents had filed their motions to dismiss during the trial and that physical possession of the children had already passed to TDFPS. *Id.* However, the court cautioned that it was not holding that a party "could never be entitled to mandamus relief" for a trial court's failure to dismiss under section 263.401, and it specifically noted that an impending transfer of physical possession of children or an unreasonable delay in entering a final decree might support mandamus relief.[19] *Id.* Nevertheless, on the facts before it, the court emphasized that the parents could have initiated the accelerated appeal "at worst two days after they filed their petitions for writ of mandamus" and, thus, they had an adequate appellate remedy. *Id.* at 614.

Here, from the record before us, it appears that TDFPS has served as the temporary managing conservator of the children since July 18, 2006. As there was no extension granted under former section 263.401(b), the one-year period prescribed in former section 263.401(a) expired in

July 2007. The trial court granted Walker's motion for new trial on August 28, 2007, setting aside its termination order. The trial court did not, in conjunction with the granting of a new trial, grant an extension to retain the suit on its docket. In fact, at argument, TDFPS conceded that it did not request an extension to retain the suit because it operated with the understanding that, even if the trial court granted Walker's new trial motion, a "final order" had already been entered and the statutory deadlines in section 263.401 no longer applied.

Moreover, even if an extension had been granted, the dismissal deadline, at the latest, would have expired in January 2008. *See* TEX. FAM.CODE ANN. § 263.401(b). But sometime after granting Walker's new trial motion the trial court set the case for a new trial on the merits on April 22, 2008, nine months after the expiration of the actual one-year deadline. Additionally, as represented by the parties at argument, the trial court then reset the case for a trial on June 4, 2008, which would have been almost one full year after the dismissal deadline. In the case before us, unlike in *In re Texas Department of Family & Protective Services,* Walker filed her motion to dismiss the termination proceedings in March 2008, before the initial trial reset date of April 22, 2008 and the subsequent reset date of June 4, 2008. Thus, when Walker sought relief, she was not in the "midst of trial" with an accelerated appeal just two days away. Also, in *In re Texas Department of Family & Protective Services,* the dismissal deadline passed on

**19.** The second factor used by the supreme court to conclude that the accelerated appeal provided an adequate remedy, i.e., the transfer of physical possession of the children to TDFPS, would seem to exist in many of the cases in which TDFPS is seeking termination. *In re Tex. Dep't of Family & Protective Servs.,* 210 S.W.3d at 613; *see also* TEX. FAM.CODE ANN. § 263.401(a) (providing that statutory dismissal deadline only commences once TDFPS is appointed temporary managing conservator of child). Thus, we do not conclude the fact that TDFPS has already obtained physical possession of Walker's children precludes the availability of mandamus relief in this case.

July 24, 2004 and the trial court terminated the parental rights only a few days later on July 28, 2004. 210 S.W.3d at 611. Here, the dismissal deadline passed in July 2007, approximately one year ago.[20] Finally, we note that, under TDFPS's interpretation of the statute, which the trial court apparently accepted, the statutory deadlines enacted by our Legislature to carry out the goal of terminating parental rights or reunifying families within 12 months no longer applied. As there is no guarantee that the second trial will result in a promptly rendered final order, an accelerated appeal simply cannot provide an adequate remedy in this case because the date at which such an appeal may ripen is uncertain. *See In re Tex. Dep't of Family & Protective Services*, 210 S.W.3d at 614.

If we accepted TDFPS's interpretation of former section 263.401, when a trial court renders a termination order, but subsequently sets that order aside, the trial court is no longer governed by the statutory mandates that the Legislature enacted to ensure speedy resolution of termination proceedings. Such an interpretation would, under these procedural circumstances, eviscerate the legislative mandates enacted to encourage a trial court's speedy resolution of termination of parental rights cases. Accordingly, we hold that Walker does not have an adequate remedy by appeal to address the trial court's failure to dismiss TDFPS's suit to terminate her parental rights.

## Conclusion

Having held that the trial court clearly abused its discretion in not dismissing TDFPS's suit and that Walker does not

have an adequate remedy by appeal, we conditionally grant the writ of mandamus and direct the trial court to dismiss TDFPS's suit against Walker. A writ from this Court will issue only if the trial court does not comply.

En banc consideration was requested.

A majority of the en banc court voted to deny en banc consideration.

Justice KEYES, dissenting from denial of en banc consideration.

EVELYN V. KEYES, Justice, dissenting to denial of en banc review.

This case concerns the continuing jurisdiction of the trial court over proceedings to terminate parental rights beyond the statutory dismissal date provided by section 263.401(a) of the Texas Family Code. Although this case involves the 2005 version of the statute, the jurisdictional problem remains under the 2007 version.

The underlying rationale of the panel opinion is that the requirements of section 263.401 are not jurisdictional, but merely procedural. Therefore, a trial court that has rendered a timely final order terminating parental rights may retain the case on its docket beyond the statutory dismissal date without issuing an order extending its jurisdiction, making the findings required for issuance of the order, or setting a new dismissal date, despite clear language to the contrary in section 263.401(b), and it may entertain a motion for new trial filed after the dismissal date, enter its timely rendered final order after the dismissal date, grant a new trial after the dismissal date, *vacate* its timely final order terminating parental rights, and set a new trial to

---

20. TDFPS notes that at least some of the delay can be attributed to continuances that Walker either requested or agreed to. But, again, section 263.402(a) specifically provides that "[t]he parties to a suit under this chapter may not extend the deadlines set by the court under this subchapter by agreement or otherwise." *See* Tex. Fam.Code Ann. § 263.402(a).

take place ten months after the dismissal date—all with no order extending its jurisdiction. *But* it may not *hold* the new trial and must grant the parent's motion to *dismiss* the termination proceedings (filed nine months after the dismissal date) based on the court's continuing to exercise jurisdiction over the proceedings beyond the one-year statutory dismissal date in section 263.401(a) without "a final rendition or order, and without extending the statutory dismissal date" under section 263.401(b).

I believe the panel's opinion misconstrues section 263.401 of the Family Code, confuses and incorrectly decides dispositive jurisdictional issues, and puts arbitrary power to thwart termination proceedings into the hands of parents whose rights have been terminated, threatening the best interest of children and thwarting the purpose of section 263.401. Because the opinion commits this Court in this issue of first impression to an interpretation and application of the law that has far-reaching consequences for fundamental due process rights, including the rights of parents and the best interest of children, I believe this case meets the criteria for en banc review. *See In re M.S.*, 115 S.W.3d 534, 547 (Tex.2003) (child custody proceedings touch on constitutional interests of parents and critical issues affecting welfare of children).[1]

I would hold that when, as here, a trial court has rendered a timely final order in termination proceedings, the section 263.401(a) dismissal date for the proceedings continues to run, and the trial court's power to retain the case on its docket and its jurisdiction to act beyond the dismissal date is not extended beyond that date except by order of the court meeting the

criteria of subsection 263.401(b). The trial court can retain jurisdiction only if all post-judgment proceedings are completed by the dismissal date or its jurisdiction is extended by a timely order meeting the criteria of section 263.401(b).

### Texas Family Code Section 263.401

As the majority states, a former version of section 263.401 of the Texas Family Code applies to this case. The former version provided, in relevant part:

(a) Unless the court has rendered a final order or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

(b) The court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

---

**1.** *See* Tex.R.App. P. 41.2(c) ("En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration.")

(1) schedules the new date for dismissal of the suit not later than the 180th day after the time described by Subsection (a);

(2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

(3) sets a final hearing on a date that allows the court to render a final order before the required date for dismissal of the suit under this subsection.

(c) If the court grants an extension but does not render a final order or dismiss the suit on or before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).

(d) For purposes of this section, a final order is an order that:

(1) requires that a child be returned to the child's parent;

(2) names a relative of the child or another person as the child's managing conservator;

(3) without terminating the parent-child relationship, appoints the department as the managing conservator of the child; or

(4) terminates the parent-child relationship and appoints a relative of the child, another suitable person, or the department as the managing conservator of the child.

See Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2113, amended by Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 8, 2001 Tex. Gen. Laws 2395, 2396, amended by Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.40, 2005 Tex. Gen. Laws 621, 636 [hereinafter FORMER TEX. FAM.CODE ANN. § 263.401] (amended 2007) (current version at TEX. FAM.CODE ANN. § 263.401 (Vernon Supp.2007)).[2]

## Analysis

There is a critical problem with the wording of section 263.401 that combines with the facts of this important case to lead the panel, in my view, into a reading that contradicts the language and purpose of the statute. Specifically, section 263.401(a) does not say what happens to the trial court's jurisdiction on the dismissal date if the court has rendered a final order (as here) but has not entered the order (as here), so that post-trial deadlines under section 263.405 have not begun to

---

**2.** The amended version does not alter jurisdictional requirements other than to provide that the trial court must have commenced the trial on the merits before the dismissal date but that it need not have rendered a final order. Most significantly, the *2007 amendments:* (1) *substitute* the language, "Unless the court has *commenced the trial on the merits* or granted an extension under Subsection (b) ....*" for the language in former subsection (a) stating "Unless the court has rendered a final order or granted an extension under Subsection (b) ....*"; (2) *add* the language *"Unless the court has commenced the trial on the merits"* to the beginning of Subsection (b); (3) *substitute* "If the court grants an extension but does not *commence*

*the trial on the merits* before the required date for dismissal under Subsection (b), the court shall dismiss the suit" for "If the court grants an extension but does not render a final order or dismiss the suit on or before the required date for dismissal under Subsection (b), the court shall dismiss the suit"; and (4) *delete* Subsection (d), since "final order" is no longer a requirement of the trial court's retaining jurisdiction. TEX. FAM.CODE ANN. § 263.401 (Vernon's Supp.2007) (Emphasis added). Both the current version and the former version of section 263.401 require, "If the court retains the suit on the court's docket, the court shall render an order in which the court ... schedules the new date on which the suit will be dismissed...." *Id.* § 263.401(b).

run, or if the court has both rendered and entered a final order, but post-trial deadlines have not run, so that section 263.405 (providing for the running of post-trial deadlines from entry, rather than rendition of a final order in termination cases) appears to provide jurisdiction over ongoing proceedings in the trial court while section 263.401 does not.

I argue that section 263.401(b) requires the party who lost under the final order to obtain an order extending the trial court's jurisdiction before the dismissal date to keep the case on the trial court's docket and to provide jurisdiction over the post-trial proceedings. The panel, by contrast, concludes that section 263.401(b) becomes meaningless when the trial court continues to act on post-trial matters, and that the court can continue to exercise plenary jurisdiction over ongoing proceedings—including both entering and vacating its final order after the dismissal date and granting a new trial—as long as the parties agree, but that a parent whose rights were terminated by the timely final order may obtain dismissal of the proceedings and retain his or her parental rights by moving to dismiss on the ground that the proceedings were not timely ended as required by section 263.401(a).

Here, the Department of Family Protective Services (DFPS) removed Walker's minor children and initiated termination of parental rights proceedings on July 28, 2006. Trial commenced on June 28, 2007 and concluded on July 10, 2007. At the conclusion of the trial, the trial court orally rendered an order terminating Walker's and the father's rights to the children, making findings of fact that supported the termination of Walker's rights and naming DFPS sole managing conservator of the children. The trial court memorialized its oral order in its docket sheet and dated it July 10, 2007—eight days short of a year

from the date the termination proceedings were filed by DFPS, and thirteen days short of the statutory dismissal date under section 263.401(a), July 23, 2007, or the first Monday after the first anniversary of the filing of the termination proceedings. *See* FORMER TEX. FAM.CODE ANN. § 263.401(a). The July 10 oral order met the definition of "rendition" of a "final order" under former section 263.401. *See* FORMER TEX. FAM.CODE ANN. § 263.401(d) (defining "final order"); TEX. FAM.CODE ANN. § 101.026 (Vernon 2002) (defining rendition as "the pronouncement by a judge of the court's ruling on a matter" and stating that "[t]he pronouncement may be made orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument"); *In re A.B.*, 125 S.W.3d 769, 774 (Tex.App.-Texarkana 2003, pet. denied) (holding that trial court's oral pronouncement of judgment terminating mother's parental rights qualified as final judgment rendered within twelve months of appointment of Department of Protective and Regulatory Services as temporary managing conservator and thus application to terminate mother's parental rights was not subject to dismissal). However, the court did not *sign* and *enter* the written order reflecting its July 10, 2007 final order until August 21, 2007—34 days after the dismissal date and six weeks after its oral rendition of its final order terminating Walker's parental rights.

Although former subsection 263.401(b), like the current section, expressly stated, "The court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department," Walker made no effort to protect her rights before the dismissal date. Knowing that the judgment had been rendered but

had not been signed and entered, she made no attempt to keep the case on the trial court's docket by filing a motion to extend the trial court's jurisdiction and obtaining the order required by subsection 263.401(b). *See* FORMER TEX. FAM.CODE ANN. § 263.401. Nor did she move for a new trial or file an accelerated appeal of the final order pursuant to the appropriate section of the Family Code, section 263.405. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2397–98 [hereinafter FORMER TEX. FAM.CODE ANN. § 263.405] (amended 2007) (current version at TEX. FAM.CODE ANN. § 263.405 (Vernon Supp.2007)).[3] Rather, she waited until the dismissal date had run, and, then, *without having filed a motion for extension of the trial court's jurisdiction,* moved for a new trial eight days after the dismissal date and 22 days after the July 10, 2007 final order terminating her parental rights was rendered.

This action authorized neither by section 263.402(b) (because she had not obtained an order extending the trial court's jurisdiction to permit signing and entry of the order and post-trial jurisdiction over the proceedings) nor by section 263.405, assuming post-trial deadlines ran from the timely unsigned final order upon which Walker based her motion (which permits filing of a motion for new trial within 20 days of the *signing* of a final decree).

Nevertheless, although Walker had taken no timely action to protect her rights, on August 21, 2007, in violation of the plain language of subsection 263.401(b)—which required the court to remove the case from its docket on July 23, 2007 in the absence of an order extending its jurisdiction—the trial court signed a written decree entering its July 10 final order. A week after that, on August 28, the trial court set aside its timely July 10 termination order and

**3.** Former section 263.405, provided in relevant part:

> (a) An appeal of a final order rendered under this subchapter is governed by the rules of the supreme court for accelerated appeals in civil cases and the procedures provided by this section [stating that "in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed"]. The appellate court shall render its final order or judgment with the least possible delay.
> (b) Not later than the 15th day after the date a final order is signed by the trial judge, a party intending to appeal the order must file with the trial court a statement of the point or points on which the party intends to appeal. The statement may be combined with a motion for new trial.
> (c) A motion for a new trial, a request for findings of fact and conclusions of law, or any other post-trial motion in the trial court does not extend the deadline for filing a notice of appeal under rule 26.1(b), Texas Rules of Appellate Procedure [i.e., "within 20 days after the judgment or order is signed"]. . . .

> (d) The trial court shall hold a hearing not later than the 30th day after the date the final order is signed to determine whether:
> (1) a new trial should be granted;
> (2) a party's claim of indigence, if any, should be sustained; and
> (3) the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code.

Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2397–98 [hereinafter FORMER TEX. FAM.CODE ANN. § 263.405] (amended 2007) (current version at TEX. FAM.CODE ANN. § 263.405 (Vernon Supp.2007)). As the trial court had not signed the final order, and these deadlines all run from *entry* of the final order, not from rendition, Walker could either have filed her motion for new trial prematurely before the dismissal date or waited until the signed order was entered. Either way, the trial court would have had no jurisdiction to rule on the motion unless Walker had moved to retain the case on the court's docket and had been granted an order extending the trial court's jurisdiction over the proceedings and setting a new dismissal date no later than six months from the first. *See* FORMER TEX. FAM.CODE ANN. § 263.401(b).

granted Walker's motion for new trial, setting a trial date on April 22, 2008—10 months after the dismissal date.

*Seven months later,* in March 2008, Walker moved the trial court to dismiss the proceedings on the ground that the proceedings had gone beyond the one-year statutory dismissal date without "a final rendition or order, and without extending the statutory dismissal date." The trial court denied the motion, and Walker filed this petition for mandamus ordering the court to dismiss the proceedings and return the children to her. The panel agrees with Walker and grants the mandamus on the ground that, under the former version of section 263.402 of the Family Code, Walker had the right to move to dismiss the proceedings for lack of jurisdiction until the close of DFPS's evidence in the *new trial*—scheduled by the trial court for June 4, 2008, two years from the date DFPS commenced these proceedings and almost a year after the dismissal date. It, therefore, dismisses the proceedings against Walker, requiring DFPS to initiate new termination proceedings with a wholly new set of dates that will extend the trial court's jurisdiction over the proceedings at least until the summer of 2009—three years after they were begun—assuming no extensions are granted or the trial court does not decide to continue to act after the new dismissal date. *In re Walker,* No. 01–08–00348–CV, Op. at 557 (Tex.App.-Houston [1st Dist.] 2008, orig. proceeding).

I would hold that all of these actions were taken by the trial court in response to invited error and in defiance of the statutory mandates and without jurisdiction. The panel, however, opines,

> Although the parties did not supply this court with the reporter's record from the trial, the parties agree that the trial court orally rendered a termination order on July 10, 2007, within the statutory one-year deadline prescribed in section 263.401(a). As explained below, however, upon the granting of Walker's motion for new trial, this termination order was vacated.

*Id.* at 547 n. 3. The panel thus concludes that the trial court retained jurisdiction and the power to act after the dismissal date despite the lack of an order extending its jurisdiction, and its untimely August 28 order vacating its timely rendered July 10 final order controls. It then further concludes,

> Walker timely filed her motion to dismiss because, given the procedural posture of the case, the trial on the merits, which had been set for June 4, 2008, had not commenced and she filed the motion "before the department has introduced all of the department's evidence, other than rebuttal evidence, at the trial on the merits." TDFPS's argument that it had already "introduced all of its evidence" in the previous trial ignores the fact that the granting of the new trial had the "legal effect of vacating the original judgment and returning the case to the trial docket *as though there had been no previous trial or hearing.*" TDFPS and Walker, by the granting of the new trial, were permitted to "proceed without prejudice from [the] previous proceedings."

*Id.* at 553 (citations omitted).

Thus, the panel allows Walker to take advantage of her untimely filed motion for new trial, the trial court's untimely order vacating its July 10 final order terminating her rights, the trial court's untimely grant of a new trial, *and* an untimely filed motion to dismiss—each action taken without any jurisdiction in the trial court under any fair reading of the Family Code—in order to thwart the provisions of section 263.401 and regain full rights over the

children, whose best interest is not considered at all.

Although the panel's reasoning is not fully explained in the opinion, it implicitly bases its conclusions not only on its interpretation of section 263.401 as merely procedural, not jurisdictional, but also on section 263.402(b) of the Family Code, which in 2005 provided,

> (b) A party to a suit under this chapter who fails to make a timely motion to dismiss the suit or to make a motion requesting the court to render a final order before the deadline for dismissal under this subchapter waives the right to object to the court's failure to dismiss the suit. A motion to dismiss under this subsection is timely if the motion is made before the department has introduced all of the department's evidence, other than rebuttal evidence at the trial on the merits.

Act of May 22, 2001, 77th Leg., R.S., ch. 1090, 2001 Tex. Gen. Laws 2395, 2396–97 [hereinafter FORMER TEX. FAM.CODE ANN. § 263.402] (amended 2007) (current version at TEX. FAM.CODE ANN. § 263.402(b) (Vernon Supp.2007)).[4] The panel implicitly reads this section as supplying the jurisdiction over proceedings in the trial court beyond the dismissal date that section 263.401(b) fails to provide, being merely procedural. Specifically, the panel reads this section as providing that since a party who fails to make a timely motion to dismiss or to render a final order before the dismissal date waives the right to the trial court's failure to dismiss the suit, the court may continue to keep the case on its docket and adjudicate as long as it likes. *Only a timely motion to dismiss terminates the*

*trial court's jurisdiction over ongoing termination proceedings, even after a final order has been rendered.* Because Walker made no timely motion to dismiss the proceedings, but, instead, filed a motion for new trial after rendition of the court's final order and after the dismissal date, the trial court properly exercised jurisdiction over the motion for new trial, properly granted it, and properly vacated its timely rendered final order terminating Walker's rights and granted her a new trial ten months after the dismissal date, and *that* became the operative final order, although untimely. However, when Walker moved to dismiss the new proceedings before the new trial took place, on the ground that the trial court had had no jurisdiction since the dismissal date passed without rendition of final order—the timely order having been retroactively vacated—and thus had to dismiss the termination proceedings for failure to render a timely final order.

The panel relies chiefly on two Texas Supreme Court cases and one Tyler Court of Appeals case—*In re Texas Department of Family & Protective Services,* 210 S.W.3d 609 (Tex.2006), *In re R.R.,* 209 S.W.3d 112 (Tex.2006), and *In the Interest of D.D.M.,* 116 S.W.3d 224 (Tex.App.-Tyler 2003, no pet.)—as authority for its holding that the statutory deadlines and requirements in section 263.401 are not jurisdictional, but merely procedural and may be disregarded, and that, unlike section 263.401, section 263.402 *is* jurisdictional and permits a trial court to retain a case on its docket beyond the dismissal date and to exercise jurisdiction over termination proceedings, to retroactively vacate a timely final order and render the proceedings ongoing, and it may continue to

---

**4.** Subsection 263.402(b) now provides that a party "who fails to make a timely motion to dismiss the suit under this subchapter waives the right to object to the court's failure to dismiss the suit" and that "[a] motion to dismiss under this subsection is timely if the motion is made before the trial on the merits commences." TEX. FAM.CODE ANN. § 263.402(b) (Vernon Supp.2007).

act in the absence of an extension of its jurisdiction unless and until a party moves to dismiss on the ground that its jurisdiction expired on the dismissal date without rendition of a final order.

I disagree with the panel's interpretation of these cases. And I profoundly disagree with the panel's holding that section 263.401 is not jurisdictional, that a trial court may continue to exercise jurisdiction over termination proceedings in the absence of a timely motion to extend its jurisdiction under section 263.401(b)—which necessarily implies that section 263.401(b) is meaningless—and that a party may move to dismiss the proceedings at any time, so long as it does so before the deadline for whatever new trial the trial court has ordered. Nor do I believe that any of the cases upon which the panel relies support its conclusions.

*In re D.D.M.*

In *In re D.D.M.*, the court of appeals stated in dictum that the legislature's omission of the phrase "may extend the court's jurisdiction of the suit" and substitution of the phrase "may retain the suit on the court's docket for a period not to exceed 180 days" in its 2001 revision of section 263.401(b) "caused the dismissal deadlines, once held to be jurisdictional, to become procedural and waivable." 116 S.W.3d at 229 (citing *In re J.B.W.*, 99 S.W.3d 218, 224 n. 27 (Tex.App.-Fort Worth 2003, pet. denied)). The court stated, "Thus the legislature removed previous limitations on the trial court's jurisdiction." *Id.* The court further observed that the Legislature added a provision to section 263.402(b) "that requires a party to make a timely motion to dismiss the suit or to make a motion requesting the court render a final order before the dismissal deadline. Otherwise, the party waives his right to complain that the trial court failed to dismiss the suit." *Id.* (citations omitted).

The Tyler court failed to consider that section 263.401(b) as amended in 2001 expressly instructed the trial court, as it does today, to remove the case from its docket unless it rendered an order extending the statutory mandates in section 263.204(b). Nevertheless, the court noted that "*[u]nless a court renders a final order or grants an extension,* on the first Monday after the first anniversary of the date that the Department was appointed temporary managing conservator, *a court must dismiss a SAPCR filed by the Department requesting termination* of the parent-child relationship." *Id.* at 227 n. 1 (emphasis added). It then held that the six-month extension order at issue in that case was properly rendered within the meaning of section 263.401(b) when it was orally rendered in open court *prior to the dismissal date. Id.* at 227, 228. However, because the trial court's extension order did not include a precise dismissal date, the order "did not comply with the mandatory, plain language of section 263.401(b), it was invalid." *Id.* at 231. Therefore, it did *not* extend jurisdiction beyond the dismissal date, and the parents' motion to dismiss was timely because it was filed before DFPS introduced all of its evidence at the trial scheduled after the dismissal date under the invalid extension order. *Id.* Thus, the trial court erred in not dismissing the proceedings. *Id.*

Here, there was *no* timely filed extension order. And thus, under the holding in *In re D.D.M.*, the trial court lacked jurisdiction over the proceedings beyond the dismissal date, regardless of the court's pronouncements in dicta. Yet the panel in this case chooses to follow the dictum, rather than the holding, in *In re D.D.M.*, and rather than interpreting section 263.401(b) according to its plain language, or giving it any meaning at all. Nor do I see how *In re D.D.M.* supports the panel's

conclusion that section 263.402's provision that a party may *waive* its right to seek dismissal for failure of the trial court to timely render an order before the dismissal date confers jurisdiction on the trial court to continue to exercise jurisdiction in the absence of a mandatory extension order or *permits* a party's waived right to seek dismissal prior to the conclusion of DFPS's evidence in a timely trial to be renewed with respect to a new trial ordered after the dismissal date in the absence of an order extending the trial court's jurisdiction.

*In re Texas Department of Family & Protective Services*

The procedural posture of *In re Texas Department of Family and Protective Services*, as a mandamus, is very similar to that in this case—but with critical distinctions. In that case, DFPS filed proceedings to terminate parental rights on January 23, 2003 and was named temporary managing conservator of the children. 210 S.W.3d at 611. In September, 2003, the court identified the dismissal date for DFPS's case as January 26, 2004, and set the case for trial on the merits. *Id.* In January, 2004, unlike here, it timely *"extended the dismissal date* to July 24, 2004, *as permitted by section 263.401(b) of the Texas Family Code." Id.* (Emphasis added.) Trial began on July 19, 2004, but had not terminated by the dismissal date. Seeing that the dismissal date was about to run without rendition of a final order,

the mother against whom the suit had been filed and an intervening great-grand-mother *timely* filed motions to dismiss under section 263.402 on July 22, 2004. *Id.* They continued to participate in the trial, however; and, on July 28, 2004—after the dismissal date—the jury returned a verdict terminating parental rights and naming DFPS the sole managing conservator of the children.[5] *Id.* The trial court read the verdict from the bench and denied the motions to dismiss. *Id.* On August 13, 2004, the trial court rendered judgment by signing and filing the decree of termination. *Id.* Two days earlier, the mother and intervenor had filed petitions for mandamus in the appellate court seeking to compel the trial court to dismiss the case. *Id.*

The supreme court held that a party could obtain dismissal under section 263.402 either by filing a motion to dismiss before the Department introduced all of its evidence or by filing a motion requesting the court to render a final order before the dismissal date. *Id.* at 613. Because the parties' motions to dismiss met those criteria, the trial court erred in not dismissing the cases.[6] *Id.* Finally, the supreme court considered whether the court of appeals correctly determined that the parties had no adequate remedy by appeal and were therefore entitled to mandamus relief. *Id.* It concluded that because the trial was already underway when the dis-

---

5. *In re Texas Department of Family and Protective Services* was decided under the same version of section 263.401 as this case. The 2007 version of section 263.401(b) adds a new clause to the beginning of section 263.401(b), which states that unless the trial on the merits has commenced, the case must be dismissed from the docket. *See* TEX. FAM.CODE ANN. § 263.401(b). However, the extension order is still required if the court retains the suit on its docket, as it was under the prior version of the statute. *See id.*

6. *In re Texas Department of Family and Protective Services* was filed under the same version of Chapter 263 as the current case. Under the current version of section 263.402, "[a] motion to dismiss under this subsection is timely if it is made before the trial on the merits commences." TEX. FAM.CODE ANN. § 263.402(b) (Vernon Supp.2007). The motions to dismiss in *In re Texas Department of Family and Protective Services* would not have been timely under the new version.

missal deadline passed and physical possession of the children had passed to DFPS before the mandamus was filed, an accelerated appeal provided an adequate remedy and that the court of appeals erred in granting mandamus relief. *Id.* at 613–14.

*In re Department of Family and Protective Services,* like *In re D.D.M.,* fails to support the panel's conclusions and holdings in this case. First, unlike the court in this case, the trial court in *In re Department of Family and Protective Services* did *not* render a final judgment, either oral or written, before the dismissal date of July 24, 2004; it rendered and signed its judgment on August 13, 2004, *after* the dismissal date. Second, in *In re Department of Family and Protective Services,* unlike here, the parties filed *timely* motions to render judgment before DFPS had concluded its evidence and *timely* motions to dismiss before the dismissal date. The supreme court held that the trial court erred in *not* dismissing the proceedings under those circumstances. Here, the trial court timely rendered a final, appealable order, the dismissal date expired, and Walker failed to comply with the statutory deadline for seeking dismissal or an extension of time. Nor did she have grounds for seeking rendition of judgment, since rendition had already occurred. Thus, the requirements for obtaining dismissal were not satisfied. *See In re Dep't of Family and Protective Servs.,* 210 S.W.3d at 613.

Nevertheless, the panel holds that Walker's right to move to dismiss was revived by the trial court's August 28 order vacating its timely July 20 order vacating its timely July 10 final order and that section 263.402 permits her to obtain dismissal on a motion filed before DFPS rests in the *new* trial on the ground that the trial court had no jurisdiction beyond the original July 28 dismissal date because its untimely August 28 order vacated its timely rendered July 10 final order. *In re Department of Family and Protective Services* does not support this interpretation of section 263.402.

The only part of *In re Department of Family and Protective Services* I would find applicable is the supreme court's review of the court of appeals' grant of mandamus ordering the trial court to dismiss the proceedings in accordance with the parties' timely filed motions to dismiss in that case. The supreme court held that the court of appeals erred because the mother and intervenor had a right of accelerated appeal of the trial court's untimely rendered termination order, which they failed to exercise, which, and that, the court concluded, "provided an adequate remedy in this case." *Id.* at 614. Likewise, in this case, Walker had a right under section 263.405 to file an accelerated appeal, with or without an accelerated motion for new trial. *See* FORMER TEX. FAM. CODE ANN. § 263.405. She chose to file a motion for new trial. But she took none of the statutory steps required to preserve the ongoing jurisdiction of the trial court over the proceedings beyond the dismissal date; and she made no attempt to comply with the statutory requirements and deadlines for filing a notice of appeal, including filing a statement of points on appeal. *See id.* Thus, to the extent the supreme court's opinion in *In re Department of Family and Protective Services* implies that the trial court in this case retained jurisdiction to sign and enter its judgment after the dismissal date, it supports the conclusion that Walker could have filed a statutorily compliant motion for new trial and appeal, but it does not obviate the necessity of compliance with the statutory mandate of section 263.401 that the jurisdiction of the trial court over termination proceedings may be extended only by compliance with section 263.401(b).

*In re R.R.*

Finally, again unlike the panel, I do not read *In re R.R.* as applicable to this case. *In re R.R.* was a default judgment case terminating a mother's rights to her children. *See* 209 S.W.3d at 114. The default judgment was entered on May 20, 2005, less than a year after the first child was removed (August 31, 2004), and the mother received notice of the hearing, without knowing its purpose, while in jail. *Id.* at 113–14. The mother, Rodgers, promptly sought an appointed attorney and filed a motion for new trial and statement of points on appeal, two months before the dismissal date. *Id.* at 114. The trial court held a hearing on Rodgers's motion, at which Rodgers appeared and presented evidence that her failure to appear was not due to conscious indifference. *Id.* The trial court disagreed and denied the new trial, and the court of appeals affirmed. *Id.*

The supreme court reversed, and, because the appeal was accelerated, it considered whether Rodgers had established the other factors that would justify a new trial, namely whether Rodgers had set up a meritorious defense and whether her motion was filed at such time that granting the motion would not result in delay or otherwise injure the plaintiff, CPS, or the children.[7] *Id.* at 114–17; *see Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (establishing factors for setting aside default judgment). The supreme court found that Rodgers had not been consciously indifferent to the proceedings, had set up a meritorious defense to termination, and had alleged that granting a new trial would not result in delay or otherwise injure CPS or the children. *Id.* at 115–16.

The court observed, "It was uncontroverted that under the one-year deadline in the Family Code, at the time of the default judgment hearing CPS had more than two months to terminate Rodgers's parental rights or face dismissal of the suit, or seek an additional 180–day extension of the deadline." *Id.* at 116. It continued, "If a defendant alleges that granting a new trial will not injure the plaintiff, the burden then shifts to the plaintiff to present proof of injury." *Id.* Because "CPS presented no evidence that it, or the children, would be injured by any delay inherent in granting Rodgers a new trial" and because CPS did not offer evidence that it would be harmed by Rodgers's inability, as an indigent, to reimburse expenses, the court held that it failed to carry its burden that it would be harmed by a new trial. *Id.* at 116–17.

The supreme court reversed the court of appeals judgment and remanded the case to the trial court "for further proceedings consistent with this opinion." *Id.* at 117. It did *not* hold that a parent whose rights have been terminated can file a motion for new trial after the dismissal date or that the trial court may rule on such a motion, vacate its timely final order, and grant a new trial in the absence of a request for an extension of time and a finding that the extension is justified under section 263.401(b). In my view, the panel opinion runs directly counter to *In re R.R.*, in which the parent whose rights were terminated timely sought a new trial *before the dismissal date* and timely filed a statement of points on appeal. Because no new trial was granted, no order extending the trial court's jurisdiction was necessary or was sought.

Finally, I strongly disagree with the panel's conclusion that its "reading of former section 263.401 comports not only with

---

7. Children's Protective Services, now DFPS.

the statute's plain language, but also with its purpose," namely " 'that parental rights be terminated or families reunified within twelve months.' " *In re Walker,* No. 01–08–00348–CV, Op. at 555 (quoting *In re Ludwig,* 150 S.W.3d 819, 822 (Tex.App.-Austin 2004, no pet.)). I believe that, rather than furthering the purpose of section 263.401, the panel's opinion and holding actively thwarts the purpose of the section and permits lawless actions by both parties to termination proceedings and courts with effectively no end in sight and no consideration of the best interest of the children affected by termination proceedings.

### Conclusion

I would hold that the trial court lacked jurisdiction to retain this case on its docket or to take any action in it after the statutory July 23, 2007 dismissal date of the proceedings initiated by DFPS on July 18, 2006. I would deny the petition for writ of mandamus filed by relator, Kristal Timish Walker a/k/a Kristal Timisha Walker, challenging the trial court's order denying her March 2008 motion to dismiss the termination proceedings initiated by the real party in interest, DFPS. I would remand the case to the trial court with instructions to reinstate its July 21, 2007 final order terminating Walker's parental rights; to vacate its untimely August 28, 2007 orders setting aside its July 10, 2007 final order and granting a new trial; and to dismiss the proceedings for lack of jurisdiction.