**Opinion issued August 26, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00541-CV

———————————

**ANGELA WILGANOWSKI, Appellant**

**V.**

**SHARON HEMPHILL, Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-90866A**

---

## MEMORANDUM OPINION

Appellant, Angela Wilganowski, appealed the trial court's April 3, 2025 judgment. The same day that Appellant filed her notice of appeal, the trial court granted her motion for new trial.

Granting a new trial has the legal effect of vacating the judgment and returning the case to the trial docket as though there was no previous trial or hearing. *In re Walker*, 265 S.W.3d 545, 550 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding). The trial court "essentially wipes the slate clean and starts over." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005).

This Court has jurisdiction only over appeals from final judgments and certain appealable interlocutory orders. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012). When a motion for new trial is granted, the appeal becomes moot, and we lose jurisdiction over the appeal because there is no longer a final judgment. *See Chatman v. Nazim*, No. 01-24-00445-CV, 2024 WL 3974149, at *1 (Tex. App.—Houston [1st Dist.] Aug. 29, 2024, no pet.) (mem. op.).

Here, the trial court granted Appellant's motion for new trial while it still had plenary power. *See* TEX. R. CIV. P. 329b(a), (e). As a result, the trial court's judgment was effectively vacated. *See Walker*, 265 S.W.3d at 550. The appeal was rendered moot, and this Court lacks jurisdiction over the appeal. *See Chatman*, 2024 WL 3974149, at *1.

On July 29, 2025, the Clerk of this Court notified the parties that the Court might dismiss the appeal for want of jurisdiction unless a response was filed within 10 days demonstrating that the Court has jurisdiction. No response was filed.

2

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.